Richard H. WALSH, Appellant,

v.

BEKINS VAN LINES CO., a corporation, Appellee.

No. 15134.

United States Court of Appeals Eighth Circuit.

Dec. 21, 1954.

Walter S. Berkman, St. Louis, Mo. (Kappel & Neill, St. Louis, Mo., were with him on the brief), for appellant.

Fred B. Whalen, St. Louis, Mo. (James R. O'Connor, St. Louis, Mo., was with him on the brief), for appellee.

Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

Richard H. Walsh on the morning of March 15, 1953, drove his DeSoto automobile from St. Louis, Missouri, where he resided, to Jefferson City, Missouri, to attend a Knights of Columbus initiation. He left Jefferson City on his return trip about 7:30 P. M., driving east on Highway 40, which has a two-lane concrete pavement at least 20 feet wide. Near Wright City, Missouri, at about 9:30 P. M., the Walsh car had a collision with a tractor-trailer belonging to Bekins Van Lines Co., which was traveling west. Walsh was injured. He brought this action against the Van Lines Co. for compensation for his injuries, upon the claim that the negligence of the driver of the tractor-trailer caused the collision. The defendant (appellee) denied liability and asserted that Walsh was negligent in the operation of his car.

The issues were tried to a jury, which returned a verdict for the defendant, upon which judgment was entered. The plaintiff has appealed. He asserts that "The court erred in refusing to permit witness Smith, when asked by counsel for appellant on redirect examination, to explain what he meant by the statements read from his deposition during his cross-examination which were inconsistent with his direct testimony."

The main issue upon the trial was whether the tractor-trailer of the defendant had invaded the south lane in which Walsh was traveling east or whether Walsh had invaded the north lane in which the tractor-trailer was going west. It is unnecessary to detail the evidence. That of the plaintiff's witnesses tended to show that the tractor had swerved a short distance over the center line into the south lane. The evidence on behalf of the defendant indicated that the Walsh car had been driven across the center line and into the tractor, striking the left saddle tank back of the cab.

The plaintiff's witness Smith, on direct examination, testified that just before the collision he was driving his car 150 to 200 feet behind the plaintiff's car, which was at all times about 18 inches to the right of the black line marking the center of the highway; that he (Smith) saw the tractor-trailer rounding the curve a quarter of a mile east of the viaduct near which the accident occurred; that when the tractor-trailer was near the plaintiff's car, he (Smith) saw "the truck make a dip over the line"; that "By 'a dip'" he meant "a swerve, like a wheel hits something and the truck dips like this and then jerks back, or swerves, just make a swerve like the driver jerks it back"; that he saw a portion of the "truck" cross the center black line and saw the DeSoto strike the left saddle tank behind the cab of the tractor.

On cross-examination, Smith was asked whether he had made certain statements about the accident in a deposition. He admitted making the statements, which were, in substance, as follows: (1) that the impact was "practically in

the middle of the road"; (2) that "it looked like the truck just dipped and the front of the car hit the gas tank"; (3) that the trailer was on its right side of the road and that he was not testifying that he saw the truck driver over on the wrong side of the road. At the end of his cross-examination, Smith testified: "I didn't say he drove the truck on the wrong side of the road. I saw the front wheel of the tractor turn across the black line. It made a sudden dip over and back." On redirect examination, the witness was asked to explain the statements which, on cross-examination, he admitted having made when his deposition was taken. The defendant objected, and the court sustained the objections. Smith, however, at the conclusion of his redirect examination, repetitiously stated: "Well, I said the truck dipped; I meant went over the line a little."

Later on in the trial, plaintiff's counsel called the court's attention to the fact that Smith had not been permitted to explain what he meant by the statements in his deposition which, on cross-examination, he admitted having made. The court said there was a misunderstanding about that ruling; that, if there was any part of his deposition Smith wanted to explain, counsel could bring Smith back and he could explain it. Smith was not brought back, nor was it claimed that he was no longer available.

■ There are at least two reasons why there can be no reversal of the judgment appealed from because of the alleged error of the court in refusing to let Smith, on his redirect examination, explain the statements contained in his deposition. Since there was no offer of proof, we do not know what his explanation would have been. There is little, if any, inconsistency between Smith's testimony at the trial and the statements in his deposition which he was asked to explain. The impact must have occurred practically in the "middle of the road," as Smith said, no matter which vehicle was across the center line. Smith's account of how the accident happened was that the tractor-trailer was traveling in its proper lane but that just before the impact the tractor swerved momentarily to its left over the center line of the pavement and then back, bringing the portion of the tractor which was struck by the DeSoto into the south lane of the highway. We think that no explanation by Smith of the statements in question would have added anything to the plaintiff's case. The jury was left in no doubt as to what Smith claimed was the proximate cause of the accident.

Assuming that the court erred in the rulings on evidence which are complained of, we are convinced that the errors did not affect any substantial right of the plaintiff and do not require or justify a reversal.

■ In Illinois Terminal R. Co. v. Friedman, 8 Cir., 208 F.2d 675, 680, we said:

"The rule of this Court for many years has been that unless an appellant can show from the entire record the denial of some substantial right there will be no reversal. Valley Shoe Corporation v. Stout, 8 Cir., 98 F.2d 514, 520 and cases cited."

Rule 61 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides:

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

The judgment appealed from is affirmed.