**Louis SAPIRO, Trustee Under Trust Agreement Dated August 26, 1966, Plaintiff-Appellee,**

v.

**HARTFORD FIRE INSURANCE COMPANY, Defendant-Appellant.**

**No. 18697.**

United States Court of Appeals, Seventh Circuit.

Oct. 14, 1971.

Daniel J. Leahy, Chicago, Ill., for defendant-appellant.

James N. Kosmond, Chicago, Ill., for plaintiff-appellee; Mark R. Ferdinand, Boodell, Sears, Sugrue & Crowley, Chicago, Ill., of counsel.

Before HASTINGS, Senior Circuit Judge, and PELL and SPRECHER, Circuit Judges.

PER CURIAM.

This is an appeal by defendant Hartford Fire Insurance Company (Hartford) from an order of the district court of June 5, 1970, which struck Hartford's answer, entered a default against Hartford and assessed $75.00 attorney's fees against it.

The pertinent history of this litigation is as follows. On February 2, 1970, plaintiff Sapiro, as trustee, (Sapiro) filed a complaint based on fire policies for damages sustained to some of plaintiff's buildings.[1] Hartford had refused to pay on the policies and in its answer filed March 3, 1970, alleged affirmative defenses, including that the beneficiary of the land trust had "neglected to use all reasonable means to save and preserve the property at and after the fire, and in so doing caused said fire to occur."

On March 17, 1970, Sapiro filed and served written interrogatories on Hartford. Rule 33, F.R.Civ.P., then provided

---

1. In Count I, plaintiff seeks $25,000 plus interest as compensation and $100,000 as punitive damages. Count II requests $673.87 plus interest as compensation and $15,000 as punitive damages.

that interrogatories be answered within 15 days after service. On April 24, 1970, at a hearing which Hartford did not attend, Sapiro made a required status report and informed the court that the answers to the interrogatories served on March 17th had not yet been received. The court ordered Hartford to answer the interrogatories by May 18, 1970. Sapiro's counsel notified Hartford's counsel by letter of this court order.

On the due date, Hartford's attorney told Sapiro's counsel that the answers to the interrogatories had been prepared and mailed to Hartford for signature and would be filed within the week. The respective counsel executed a stipulation to extend the time for 10 days, and on May 22 an order was entered extending the time for Hartford to file its answers to May 28, 1970.

Sapiro did not receive the answers on May 28 nor did he hear from Hartford's counsel. After waiting a week, Sapiro served a motion for sanctions, pursuant to Rule 37(d), F.R.Civ.P., against Hartford for refusal to make discovery. At the June 5th hearing on the sanctions motion, Hartford's counsel explained: "Insurance companies being like the Army, everything has to filter down, and I called them yesterday and I talked to the gentleman who will sign the interrogatories. They finally got to his desk and he will get them back to me in the return mail."

Counsel might have been better advised to have told the court the actual facts which he asserts in his brief rather than engaging in the above rhetoric. We have no reason to doubt his assertion that the answers had been sent on May 15th to the proper office for signature but there they were inadvertently sent to the home office.

In any event, following the insurance company-army reference, the district court judge, after stating "[t]his court, among other courts, are [sic] getting sick and tired of the vexatious delay that is caused in these matters by insurance companies," entered the dismissal order in question.

On June 12, 1970, Hartford presented a motion to reconsider and vacate the default. The executed answers were allegedly available at that time. In that motion, Hartford stressed that it was not refusing to answer the interrogatories and that its failure to meet the deadline was not "wilful." The plaintiff presented a counter-motion. The court commented that the failure was "dire negligence" and denied the motion to vacate.[2]

The parties have directed their argument in part to whether a technical reading of Rule 37(d) requires that the failure to answer interrogatories must be wilful before a district court imposes the sanction of dismissal or default.

We need not specifically address ourselves to the construction of the Rule because the cases make it clear that dismissal or default is an extreme sanction, the use of which "must be tempered by the careful exercise of judicial discretion to assure that its imposition is merited." Trans World Airlines, Inc. v. Hughes, 332 F.2d 602, 614 (2d Cir. 1964), cert. dismissed as improvidently granted, 380 U.S. 248, 249, 85 S.Ct. 934, 13 L.Ed.2d 817, 818 (1965). "Where an alternative, less drastic, sanction would be just as effective it should be utilized." Judge Sterry Waterman, An Appellate Judge's Approach when Reviewing District Court Sanctions Imposed for the Purpose of Insuring Compliance With Pretrial Orders, 29 F.R.D. 420, 425 (1961).

Although the matter was not directly before it, this court has had occasion to observe that the extreme sanction of dismissal under Rule 37(d) may be applied "only when a party wilfully fails to

---

2. On July 13, 1970, Hartford filed its notice of appeal and also a motion for a finding under 28 U.S.C. § 1292(b). The district court denied the latter motion on August 4, 1970. Sapiro thereafter filed a motion to dismiss the instant appeal, which motion was denied by this court.

serve answers to properly served interrogatories." Halverson v. Campbell Soup Company, 374 F.2d 810, 812 (7th Cir. 1967).

We note that the interrogatories in question called for 38 separate answers. Some of the answers would of necessity have to be of a multiple part nature. Many of the questions call for more than a short or simple exposition and would call in numerous instances for a careful check of files not ordinarily in the custody or control of the attorney.

We also note the intervention of a long holiday weekend immediately following the May 28th due date.

Nothing we have said herein is intended to excuse or condone Hartford's apparent negligence in observing deadlines. Nor are we unmindful of, nor unsympathetic with, the problem sometimes besetting district courts where a dilatory party does not voluntarily comply with the spirit of the discovery rules.

At the very least, counsel should, upon discovering he did not have the signed answers on May 28th, have communicated with opposing counsel, have explained the situation and have requested a further brief extension of the due date.

Upon securing consent to the delay, Hartford by the filing of a stipulation would have set the matter right on the court records. If cooperation had not been secured from opposing counsel, appropriate request for extension could have been addressed to the district court. We have no reason for believing Hartford could not have secured protective relief through one or the other above procedures.

Nevertheless, while not approving the apparent lack of diligent attention, we are of the opinion that the imposition of the particular sanction was too harsh under the circumstances here presented and judicial discretion should have indicated other less extreme initial steps to accomplish the result of compliance with the order to answer interrogatories.

Accordingly, we hereby vacate the district court's order of default, order the answer to be reinstated and remand this cause to the district court for further proceedings not inconsistent herewith. The order for attorney's fees shall stand as entered and the costs of this appeal are assessed against the appellant.

Reversed and remanded.