**In re AIR VERMONT, INC., North Atlantic Airlines, Inc., Debtor.**

**Bankruptcy Nos. 84–19, 84–17.**

United States Bankruptcy Court, D. Vermont.

Oct. 10, 1984.

Norman Williams, of Gravel, Shea & Wright, Ltd., Burlington, Vt., for Pioneer Credit Corp.

Brian P. Dempsey, of the office of Joseph C. Palmisano, Barre, Vt., for debtor.

## MEMORANDUM AND ORDER ON MOTION OF PIONEER CREDIT CORPORATION TO STRIKE DEBTOR'S ANSWERS TO INTERROGATORIES

CHARLES J. MARRO, Bankruptcy Judge.

This matter is before the Court on the Motion of Pioneer Credit Corporation to Strike the Debtor's Answers to Interrogatories propounded relative to its Motion for Relief from Automatic Stay.

Discovery was initiated by Pioneer by virtue of its Interrogatories and Request for Production of Documents as well as a Motion to Shorten Time for response filed on July 2, 1984. Pursuant to the Motion to Shorten Time, the Court required the Debtor to respond to interrogatories and produce the documents requested by Pioneer by July 13, 1984. The Debtor failed to comply with this Order. Subsequently, the Debtor moved and was granted an extension of time expiring on September 7, 1984 to answer the Interrogatories of Pioneer. Again, the Debtor failed to meet the time limit. Finally, on September 17, 1984, the Debtor did file Answers to the Interrogatories, and again on September 26, 1984, the Debtor filed a Supplemental Answer to the Interrogatories.

In a Memorandum supporting its Motion to Strike the Answers to the Interrogatories, Pioneer pointed out that under Bankruptcy Rule 9006(b) [identical to Rule 6 of the Federal Rules of Civil Procedure], enlargements of time are permitted after the expiration of the specified period only on motion and where the failure to act was the result of excusable neglect. Pioneer proceeds to define "excusable neglect" supported by cited cases.

■ The Court agrees with the position taken by Pioneer and is convinced that the Debtor has not established "excusable ne-

glect." However, the Court feels that the sanctions requested by Pioneer; i.e., striking the answers of the Debtor to the interrogatories is extremely harsh. The effect of such striking would be to deny the Debtor to present evidence on a crucial issue in the case.

The discovery in this case relates to a Motion of Pioneer for Relief from Stay and it involves establishment of a lack of equity by Pioneer. It has already submitted its evidence tending to prove lack of equity and it is only fair that the Debtor should be permitted to introduce testimony which would bear on this issue. The Court observes that generally issues should be determined on the basis of evidence introduced at a trial rather than from the denial to a party of the opportunity to present its case on technical objections. It has been held that sanctions of striking answer and rendering default judgment against defendant for negligently failing to timely file signed answers to interrogatories are unduly harsh; award of costs of attorney's fees and of appeal, however, is appropriate. *Sapiro v. Hartford Fire Ins. Co.* (1971, CA7 Ill.), 452 F.2d 215.

■ As indicated in *Sapiro*, it would be more appropriate to award costs of attorney's fees as a reasonable sanction rather than striking the Debtor's answers. However, since Pioneer has not requested the imposition of such a sanction and has not established what a reasonable fee is for legal services required in moving for sanctions and time spent on the hearing, the Court will not impose any sanctions at this time.

Pioneer has requested an opportunity to take depositions in the event that its Motion to Strike Answers is denied. At the same time, it has moved for an early hearing in accordance with the spirit of § 362(e) of the Bankruptcy Code that hearings on a motion for relief from stay of any action or against property of the estate be held within 30 days. Therefore, discovery should be completed and a hearing on the merits held within the next 30 days.

## ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED:

1. The Motion of Pioneer to Strike the Answers to Interrogatories is DENIED.

2. All discovery in this proceeding shall be completed not later than October 24.

3. The continued hearing on the Motion of Pioneer Credit Corporation for Relief from Stay shall be held on October 31, 1984 at 2:30 P.M. at the Bankruptcy Courtroom, Federal Building, Burlington, Vermont, in accordance with a notice being mailed to the parties on this date.