In re George **CARAPELLA**, Debtor.

George A. **CARAPELLA**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 89–1232–CIV–T–17(C).
Bankruptcy No. 86–4205–8P7.

United States District Court,
M.D. Florida,
Tampa Division.

May 22, 1990.

B. Gray Gibbs, James A. Sheehan, St. Petersburg, Fla., for appellant.

Hillary B. Burchuk, Dept. of Justice, Washington, D.C., for appellee.

ORDER ON APPEAL

KOVACHEVICH, District Judge.

This cause is before the court on appeal from the Order on Objection to Claim in Case No. 87–20, entered June 6, 1989, by Chief Bankruptcy Judge Alexander L. Paskay. 105 B.R. 86.

## ISSUES

I. Whether the lower court erred in determining that the appellant is estopped to assert that corporations with which the appellant was involved during the years 1977, 1978, and 1979, were not "shell" corporations.

II. Whether the United States of America, Treasury Department, Internal Revenue Service, is estopped from claiming that the appellant attempted to evade or defeat his Federal income tax liabilities as defined in 11 U.S.C. 523(a)(1)(C) by virtue of previous execution by the Internal Revenue Service of an agreement that the appellant did not attempt to evade or defeat his income tax liabilities as defined in 26 U.S.C. 6653(b).

III. Whether the lower court erred in its interpretation of 11 U.S.C. 523(a)(1)(C) in holding that this section excepts from discharge tax liabilities for which the debtor either filed a fraudulent return or "has attempted to evade or defeat payment of taxes".

IV. Whether the lower court's finding that the appellant willfully attempted to evade or defeat his 1977, 1978, and 1979 income taxes was clearly erroneous.

## FACTS

The appellant Carapella's 1977 individual tax return reported that he earned only $2,310.00 in gross income. In 1978 and 1979, the appellant did not file timely tax returns. During these three years, the appellant admits that he received substantial income from eight corporations which each sold the same diet products by mail order. Several of these corporations never filed for tax identification numbers, and none of these eight entities paid income taxes.

In 1979 the Internal Revenue Service (hereinafter IRS) was preparing to computerize. The agency publicized that no criminal proceedings would be commenced against delinquent taxpayers who took steps to comply with the applicable IRS laws. Subsequently, the appellant's attorney contacted the IRS, informing the agency that his client would be amending his 1977 tax return, and filing tax returns for 1978 and 1979. Although the appellant never filed these returns, the IRS examined the corporate and bank records and determined the appellant's tax liability.

The agency's investigation concluded that the appellant's tax liabilities, including unpaid taxes, penalties and interest, were as follows: $341,182.20 for 1977, $731,454.99 for 1978, and $39,965.91 for 1979. In 1984 the appellant signed an IRS Form 870 in which he agreed with the agency's assessment of his tax liability. During the IRS investigation, the appellant never asserted that he was not personally responsible for the delinquent taxes of the eight shell corporations. In fact, when talking with the IRS agent investigating his taxes, the appellant referred to these corporations as "shell corporations" and "his corporations". However, this position changed after the appellant sought Chapter 7 relief.

As a Chapter 7 debtor, the appellant alleges that his tax liabilities for 1977, 1978 and 1979 should not be excepted from discharge in bankruptcy. He also denies responsibility for the taxes of eight mail order corporations which operated in 1977, 1978 and 1979. In the Bankruptcy Court, the appellant maintained that he did not exercise "dominion and control" over these entities. The appellant testified that he was not a stockholder, officer or board member of any of these eight corporations. He stated that his only involvement with these corporations was that he leased each of them a mailing list of potential customers.

Nevertheless, his own testimony also established that the appellant provided each corporation with expertise in the mail order business. In fact, none of the corporate officers had any previous experience selling mail order products. Additionally, the appellant designed the companies' advertisement and distributed the sales circular. Even though he had no written agreement establishing an interest or association with any of these companies, the appellant invested his own funds in the entities and treated corporate bank accounts as his own.

After a trial which revealed these facts, the Bankruptcy Court determined that the debtor/appellant was estopped from claiming that the eight mail order corporations were not "shell corporations" under his "dominion and control". Additionally, the court determined that under 11 U.S.C. 523(a)(1)(C), the debtor/appellant's tax liabilities for 1977, 1978 and 1979 are excepted from discharge. The Bankruptcy Court's decision was appealed by the debtor to this Court.

## STANDARDS OF APPELLATE REVIEW

The applicable standards of appellate review are as follows: The burden is squarely on the appellant to show that a finding is clearly erroneous, *Griffin v. Missouri Pacific Railway Co.*, 413 F.2d 9 (5th Cir. 1969), Bankruptcy Rule 8013, and reversal of a finding is only proper when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); *Inter–Cities Navigation Corp. v. United States*, 608 F.2d 1079, 1082 (5th Cir.1979). *Matter of Multi-ponics, Inc.*, 622 F.2d 709, at 713. Appellant is entitled to an independent *de novo* review of all conclusions of law and the legal significance accorded to the facts. However, due regard is given to the opportunity of the trial court to "judge the credibility of the witnesses."

This Court has carefully reviewed the memorandum order of Judge Paskay, as well as the briefs of both parties. Under the standards quoted above, the Court concludes that the findings of fact contained within the order are not clearly erroneous. The Court also finds that the conclusions of law contained in Judge Paskay's order are sound. Accordingly, this Court affirms the ruling of the Bankruptcy Court.

## DISCUSSION

The first matter for discussion is whether the Bankruptcy Court correctly ruled that the appellant exercised the requisite dominion and control essential to hold him personally accountable for the eight shell corporations' taxes. This Court is confident that the trial court properly determined that the appellant was estopped from raising this claim for the first time in the Bankruptcy Court. The elements of estoppel are: (1) a representation by the party estopped as to some material fact, which is contrary to the position later asserted; (2) reliance on the representation; and (3) a change in the position caused by the representation and reliance thereon. *Travelers Indemnity v. Swanson*, 662 F.2d 1098, 1101 (5th Cir.1981); *F.D.I.C. v. Harrison*, 735 F.2d 408, 410 (11th Cir.1984). Estoppel precludes a litigant from asserting a claim or defense, that may otherwise be available, against a party who has detrimentally altered his position in reliance on the former's statement.

In the instant case, for the past ten years the Internal Revenue Service has sought the appellant's cooperation in filing proper income tax returns for the 1977, 1978 and 1979 tax years. In his testimony at the trial court, the appellant admitted that, during conversations with the IRS, he considered these "shell corporations" to be "his corporations". Further, he told the IRS that he treated the money in the corporate accounts as his own, and he used these "shell corporations" to avoid government detection while furtively funneling money to himself.

This course of conduct clearly indicates that when dealing with the IRS throughout the 1980's, prior to filing for Chapter 7 relief, the appellant never believed he would benefit from disassociating himself from the eight almost identical shell corporations he controlled. Only after the appellant began seeking bankruptcy relief did the debtor/appellant choose to disclaim his control over these corporate entities. The trial court was not amiss in recognizing these inconsistencies and deciding the appellant was estopped from asserting a new position simply because it would serve his purposes in a bankruptcy forum.

■ Nevertheless, even if the trial court was improper in estopping the appellant from denying dominion and control over the eight "shell corporations", this court would determine this error harmless. Under the harmless error rule this Court may disregard errors which do not affect substantial rights. Rule 9005, Bkrtcy.Code, Rule 61, Fed.R.Civ.P..

■ The trial court's opportunity to assess a witness' credibility cannot be overemphasized. At the trial court level, the appellant's own testimony, albeit inconsistent, supports the court's ultimate decision. Although the appellant attempts to establish he was neither a stockholder, officer or board member of any of the eight tax-delinquent corporations, his own testimony confirms that he was responsible for pertinent daily business operations.

The appellant also testified that his partners had no experience selling mail order products and subsequently, that he provided each of the corporations with all of its expertise in the mail order business. Additionally, the appellant stated that he exercised control over corporate funds and that, although not a stockholder, the appellant invested his own money in these corporations. Based on the appellant's testimony, the trial court's determination, that the appellant exercised dominion and control over these corporations, is not clearly erroneous.

■ The appellant also argues that he did not attempt to evade or defeat his federal income taxes and thus these taxes should not be excepted from discharge by 11 U.S.C. 523(a)(1)(C). Further, the appellant suggests that since the IRS previously chose not to assess a penalty to the appellant under 26 U.S.C. 6633(b), and this Internal Revenue Code section utilizes identical language to section 523(a)(1)(C) of the Bankruptcy Code, the IRS is now estopped from seeking enforcement of the bankruptcy provision.

Both claims are meritless. Under no estoppel theory is an agency precluded from raising a claim in bankruptcy court simply because it chose not to enforce a similar, but different, statute in another forum. Further, the appellant's blatant attempts to "evade or defeat taxes" are readily apparent for the 1977, 1978 and 1979 tax years. Many of his corporations did not have tax identification numbers and none paid any taxes. Nevertheless, the appellant agrees that his tax obligation should have exceed one million dollars. The appellant clearly attempted to escape this obligation for these taxes and only later contacted the IRS to avoid the consequences of getting caught. The appellant failed to show that any aspect of the trial court's decision was clearly erroneous.

The Court having reviewed the record in this cause concludes that there is sufficient evidence to support the Bankruptcy Judge as to this issue. Based on the aforementioned, the trial court properly determined that section 523(a)(1)(C) on the Bankruptcy Code excepted from discharge the Appellant's tax obligation for 1977, 1978 and 1979.

ORDERED that the Final Judgment of Non–Dischargeability entered on June 6, 1989, by Chief Judge Alexander L. Paskay be affirmed. The Clerk of the Court is directed to enter judgment for Appellee in accordance with this Order.

DONE AND ORDERED in Chambers, in Tampa, Florida, this 22nd day of May, 1990.