**In re Howard/Mary ARENS, Debtors.**

**CITIBANK, Plaintiff,**

v.

**Mary ARENS, Defendant.**

**Bankruptcy No. 91–3018.
Related No. 90–33177.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Oct. 28, 1991.

Darryl Chimko, Rochester, Mich., for plaintiff.

Alan Kirshner, Toledo, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Complaint to Determine Dischargeability of Debt. A Pre–Trial was held at which time the parties decided to have the issue determined on the written arguments of counsel. The Plaintiff filed a Motion for Summary Judgment to which the Defendant failed to answer. The Court granted an Order for Continuance to the Defendant after the Defendant's time to file an Answer to Plaintiff's Motion for Summary Judgment had already expired. The Plaintiff filed a Motion for Rehearing. The Court ordered the parties to file Briefs as to the application of the Federal Rule of Civil Procedure 61. The Court has reviewed the written arguments of counsel and the relevant case law, as well as the entire record in this case. Based upon that review, and for the following reasons, this Court finds that the order granting a continuance was harmless error. Therefore, Plaintiff's Motion for Rehearing should be denied and Defendant's request for a Continuance to Answer should be granted.

## FACTS

On March 8, 1991, the Plaintiff filed a Motion for Summary Judgment which was served on the Defendant by mail on March

12, 1991. The Defendant had until March 22, 1991 to file a response. On March 27, 1991 the Defendant served, by mail, a request for an enlargement of time to file her reply to Plaintiff's Motion for Summary Judgment. On March 28, 1991, this Court granted Defendant an enlargement of time to file a response. The Plaintiff filed a Motion for Rehearing on April 9, 1991, and argued that the enlargement granted by the court was not requested within the prescribed ten (10) day period. On April 10, 1991, the Defendant filed a Memorandum in Opposition to Plaintiff's Motion for Summary Judgment. At the hearing scheduled for Plaintiff's Motion for Rehearing on this Court's Order for Continuance, the Court requested that counsel for each party file briefs as to the application of the Federal Rule of Civil Procedure 61.

### LAW

Rule 61 of the Federal Rules of Civil Procedure [hereinafter "Rule 61"] is made applicable to bankruptcy cases by 9005 of the Federal Rules of Bankruptcy Procedure. Rule 61 therefore applies to adversary proceedings. The applicable provision of that Rule states in pertinent part:

**Rule 61. Harmless Error.**

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

F.R.Civ.Pro. 61.

 Rule 61 when read in conjunction with the Federal Rule of Bankruptcy Procedure 9005 permits the Bankruptcy court to correct any error or defect or to cure any omission which does not affect substantial rights. *See also, In re Carapella,*

115 B.R. 365 (M.D.Fla.1990). The rule is clear that "harmless error" by the court will not warrant a reversal of its judgment. An error is harmless if it is not "inconsistent with substantial justice" or does not affect the substantial rights of the parties. *Walsh v. Bekins Van Lines Co.,* 217 F.2d 388, 391 (8th Cir.1954).

 On a Motion made after the expiration of the specified time frame, the Bankruptcy court, *for cause shown,* has the discretion to permit an act to be done where the failure to act was the result of excusable neglect. F.R.Bank.Pro. 9006(b). In the present case, the Court granted the extension without any showing of excusable neglect by the Defendant for the failure to answer the Motion. In any proceeding in which the failure to follow the prescribed procedure resulted in prejudice to one of the parties, the Court should not hesitate to vacate the order and return the case for further proceedings in conformity with the Federal Rules of Bankruptcy Procedure. *In re Ferguson,* 67 B.R. 246 (D.Kan.1986). If this Court failed to follow the prescribed procedure by granting the Defendant an extension to answer the Plaintiff's motion and such error prejudiced the Plaintiff, then the Court should vacate the extension and conform to the Federal Rules of Bankruptcy Procedure by allowing the Defendant to show excusable neglect in the failure to answer. In the present case, however, the Court finds the procedural defect did not affect the substantial rights of the parties and thus constitutes harmless error under the Federal Rule of Bankruptcy Procedure 9005 and Federal Rule of Civil Procedure 61.

Plaintiff argued the error was not harmless because Plaintiff would be denied due process. The Plaintiff alleged that it would not be accorded its right to respond to Defendant's Motion for an Enlargement nor a right to argue that the Defendant should not be permitted to file an answer. The court finds that the Plaintiff has failed to show any real prejudice it would suffer as a result of this Court's conduct in the case. Absent any showing as to the negative impact, any claimed error must be deemed harmless. *In re Mandalay Shores*

*Co–Op Housing Ass'n, Inc.,* 63 B.R. 842 (N.D.Ill.1986).

■ The Plaintiff also alleged that the Defendant had not established "excusable neglect" in the failure to answer. The Court agrees with the Plaintiff's position, but believes the sanctions requested by the Plaintiff are extremely harsh. The effect would be to deny Defendant to present evidence on crucial issues in the case. *In re Air Vermont, Inc.,* 43 B.R. 248 (D.Vermont 1984). In *In re Air Vermont, Inc.,* that court observed that generally issues should be determined on the basis of evidence introduced at trial rather than from the denial to a party of the opportunity to present its case on technical objections. The Court held that it would be more appropriate to award attorney's fees as a reasonable sanction rather than striking the answers. *Id.* at 249. The Plaintiff has requested such a sanction should the Defendant's Continuance to answer be granted. The Plaintiff has established Five Hundred Dollars ($500.00) as fair compensation for the legal services required. This Court finds that the attorney's fees of Five Hundred Dollars ($500.00) is a just and equitable sanction and as such grants the request for said fees for Defendant's failure to act timely.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

ORDERED that the Plaintiff's Motion for Rehearing be denied.

It is FURTHER ORDERED that the Defendant's request for a Continuance to file an Answer to Plaintiff's Motion for Summary Judgment be granted.

It is FURTHER ORDERED that on or before Friday, November 15, 1991, the Defendant remit to the Plaintiff Five Hundred Dollars ($500.00) for the failure to timely act.