*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name:  07b0009n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re:   GLENNA ROBILIO, | ) |
| | ) |
| Debtor. | ) |
| _____ | ) |
| | ) |
| GLENNA ROBILIO, | ) |
| | ) |
| Appellant, | )   Nos. 06-8102/06-8103 |
| | ) |
| | ) |
| v. | ) |
| | ) |
| GEORGE W. STEVENSON, | ) |
| CHAPTER 13 TRUSTEE, | ) |
| | ) |
| Appellee. | ) |
| _____ | ) |

Appeal from the United States Bankruptcy Court
for the Western District of Tennessee, Western Division, at Memphis.
No. 06-21370.

Submitted:  May 1, 2007

Decided and Filed:  July 13, 2007

Before: GREGG, SCOTT, and WHIPPLE, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:**  George Stevenson, Chontele A. McIntyre, Memphis, Tennessee, Harris P. Quinn, WILLIAMS & PROCHASKA, P.C., Memphis, Tennessee, for Appellee.  Glenna F. Robilio, Memphis, Tennessee, pro se.

---

**OPINION**

---

MARY ANN WHIPPLE, Bankruptcy Appellate Panel Judge. Appellant/Debtor Glenna Robilio ("Appellant"), proceeding *pro se*, appeals the bankruptcy court's October 25, 2006, order dismissing her Chapter 13 case for failure to comply with the terms of her confirmed plan (BAP Case No. 06-8102). She also appeals the bankruptcy court's November 30, 2006, order granting in part and denying in part Appellant's Motion to Impose Automatic Stay, which the bankruptcy court construed as a motion for stay pending Appellant's appeal of its October 25, 2006, order dismissing her Chapter 13 case (BAP Case No. 06-8103). For the following reasons, the bankruptcy court's order dismissing her Chapter 13 case is AFFIRMED, and the appeal of the bankruptcy court's November 30, 2006, order is DISMISSED as moot.

## I. ISSUE ON APPEAL

Appellant's appeal in case number 06-8102 attempts to present several issues, not all of which are properly the subject of this appeal. The only issue properly before the Panel is whether the bankruptcy court dismissed Appellant's Chapter 13 case without giving her notice of the hearing and an opportunity to testify and present evidence on her behalf.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel ("BAP") of the Sixth Circuit has jurisdiction to hear this appeal. The United States District Court for the Western District of Tennessee has authorized appeals to the BAP, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A "final order" of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). An

order dismissing a debtor's Chapter 13 case is a final order. *In re Raynard*, 354 B.R. 834, 836 (B.A.P. 6th Cir. 2006).

The dismissal of a bankruptcy case is reviewed for abuse of discretion. *In re Badalyan*, 236 B.R. 633, 635 (B.A.P. 6th Cir. 1999). An abuse of discretion occurs when the bankruptcy court "relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Id.* A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* Conclusions of law are reviewed de novo. Under a de novo standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination. *Id.*

## III. FACTS

Appellant filed a Chapter 13 petition on February 28, 2006. Also on that date, Appellant filed a Chapter 13 plan in which she proposed to make plan payments of $440 per week. Appellant was represented by counsel at the time she filed her petition, and there is no entry on the bankruptcy court docket indicating that the court granted, or that counsel requested, withdrawal from such representation at any time during the pendency of her case in the bankruptcy court.

On March 3, 2006, an order was entered directing Appellant to pay $440 weekly beginning on her next payday. On March 29, 2006, secured creditor Netbank filed an objection to confirmation of Appellant's Chapter 13 plan. The first meeting of creditors was held on March 31, 2006, and on April 3, 2006, Appellant was ordered to increase her plan payments to $2,223 per month. Thereafter, on May 24, 2006, an order confirming Appellant's Chapter 13 plan was entered. The Chapter 13 plan, as confirmed, provided that a mortgage arrearage of $43,232.91 owed to Netbank be paid through the plan at a rate of $720 per month. The plan further provided that ongoing mortgage payments of $1,202.03 be paid through the plan to Netbank and that the United States Treasury receive $160 per month through the plan. The confirmation order required Appellant to make total payments of $2,223 monthly to meet the requirements of her Chapter 13 plan.

An administrative order allowing claims was entered on July 1, 2006, and was served on Appellant and her attorney on July 5, 2006 ("Order Allowing Claims"). The order listed claims the Chapter 13 Trustee asserted should be deemed allowed, including a priority claim of the Internal Revenue Service in the amount of $6,599.38, a general unsecured claim of the Internal Revenue Service in the amount of $463.62, and a mortgage arrearage claim of Netbank in the amount of $43,232.91. The order provided that the listed claims "shall be deemed allowed for the purpose of distribution unless objection is made by the debtor or other party in interest within 30 days from the date of this order. . . ." (Appellee's App. at 66.) No objection to any claim was filed by Appellant or any other party.

On August 25, 2006, the Chapter 13 Trustee filed a Motion to Dismiss for Failure to Make Payments ("Motion to Dismiss"). Notice of a hearing on the motion to be held on October 10, 2006, was served on both Appellant and her attorney on August 30, 2006. On October 11, 2006, a notice of continuance was entered stating that "by agreement of the parties present" the hearing on the Motion to Dismiss was continued from October 10, 2006, until October 24, 2006 ("Notice of Continuance"). Neither the bankruptcy court's docket nor the record on appeal reflect service of the Notice of Continuance. But Appellant concedes in her appellate brief that she was present on October 24, 2006, at the hearing on the Motion to Dismiss.[1] She contends that she was not allowed to testify at the hearing; however, Appellant has not included a transcript of the October 24 hearing as part of the record on appeal.

On October 25, 2006, the bankruptcy court entered an Order Dismissing Case. The court found "from the statements of the Chapter 13 Trustee and the entire record herein that the . . . case should be dismissed for debtor's failure to abide by court orders."[2] (Appellee's App. at 76.) The

---

[1] In her brief, Appellant states that "[e]ven though the Debtor was at the hearing, (to Dismiss her Chapter 13 case)[,] the Debtor wasn't allowed to testify." (Appellant's Br. at 1.)

[2] This case was remanded to the bankruptcy court for the limited purpose of ruling on whether the dismissal order was entered in error and should be vacated. In its memorandum and ruling regarding the Panel's remand order, the bankruptcy court explained that the dismissal order was not entered in error, and that it entered the order "for the debtor's material economic default with respect to the terms of the confirmed plan as contemplated under 11 U.S.C. § 1307(c)(6). . . ." (Appellee's App. at 85-86.)

order also directed the Trustee to file a final accounting and disburse the funds in his possession. Appellant filed a timely appeal of that order on November 3, 2006. On November 9, 2006, the Chapter 13 Trustee filed his Final Accounting and Report showing total receipts from Appellant of $6,860 and disbursements as follows: administrative fees in the amount of $1,173.91, ongoing monthly mortgage payments to Netbank in the amount of $3,606.09, payments on the Internal Revenue Service's priority claim in the amount of $640, and mortgage arrearage payments to Netbank in the amount of $1,440, for a total disbursed amount of $6,860.

On November 30, 2006, the bankruptcy court entered an order granting in part and denying in part Appellant's motion for stay pending her timely appeal of the order dismissing her Chapter 13 case. The November 30 order granted a stay as to all creditors except one, Netbank. Appellant filed a timely appeal of that order.

## IV.    DISCUSSION

Initially, the Panel notes the issues raised by Appellant in her appeal of the dismissal order that are not properly before it. First, she argues that the Chapter 13 Trustee miscalculated amounts owed to the Internal Revenue Service and Netbank and paid incorrect amounts to those creditors. However, the Trustee paid those creditors in accordance with the confirmation order, from which she did not appeal, and the Order Allowing Claims, to which she filed no objection. The proper amount of the Internal Revenue Service and Netbank's claims was not before the bankruptcy court when ruling on the Trustee's Motion to Dismiss. Next, Appellant argues that the foreclosure sale of her home was "illegal" due to Netbank's failure to follow certain administrative rules and procedures. This issue has no bearing on Appellant's failure to comply with the court's orders requiring her to make Chapter 13 plan payments and, thus, on the bankruptcy court's dismissal of her Chapter 13 case. Appellant also argues that the bankruptcy court's order entered on August 25, 2006, violates her "civil and constitutional rights." But that order was not appealed and is not the subject of this appeal.[3] Finally, Appellant argues that the Trustee set her monthly plan payment so

_____

[3] The August 25, 2006, order entered by the bankruptcy court is an agreed order resolving Netbank's objection to confirmation. (B.A.P. Case No. 06-8102, Appellee's App. at 18.) In that order, Debtor agreed that "if Netbank fails to receive a monthly ongoing mortgage payment from the

high she was unable to comply with the court's confirmation order. However, Appellant, represented by counsel throughout her case, did not object to confirmation of her Chapter 13 plan and at no time moved to modify the plan. Appellant's argument is, therefore, not properly raised in this appeal.

The Panel also notes that Appellant does not argue that the bankruptcy court erred in finding that she failed to comply with the terms of her confirmed plan. She does not argue that she in fact did make the payments required under her confirmed Chapter 13 plan and does not contest the fact that she was in "material default."[4] The only issue properly raised in this appeal is whether the bankruptcy court dismissed Appellant's Chapter 13 case without giving her notice of the hearing and an opportunity to testify and present evidence on her behalf.

The Federal Rules of Bankruptcy Procedure provide that a case shall not be dismissed for cause "before a hearing on notice as provided in Rule 2002." Fed. R. Bankr. P. 1017(a). Rule 2002, read in conjunction with Rule 1017(a), requires that the clerk, or some other person as the court may direct, give notice to the debtor by mail of a hearing on a motion to dismiss.[5] The bankruptcy court docket report does not show that formal notice was given of the October 24, 2006, continued hearing on the Chapter 13 Trustee's Motion to Dismiss. However, the Notice of Continuance states that the October 10, 2006, hearing was continued until October 24, 2006, "[b]y agreement of all parties present." (Appellee's App. at 75.) The record is silent as to which parties were present on October

---

Trustee in any month beginning September 2006, then the automatic stay shall be terminated as to Netbank, the subject Property and the proceeds thereof without further notice, hearing, order or ten (10) day stay notwithstanding any future modification of the Plan in which event Debtor shall voluntarily surrender the subject Property to Netbank." (*Id.* at 19.)

[4] In accordance with the bankruptcy court's orders directing Appellant to make plan payments, she should have made total plan payments of at least $16,001 ($440 per week in March and $2,223 per month thereafter). The Trustee's Final Accounting and Report indicates that only $6,860 was received from Appellant, thus, only 43% of what was required to have been paid by that point in time under the confirmed plan. (Appellee's App. at 79.)

[5] Rule 2002 does not specifically provide for notice or the timing of the notice of a hearing on a motion to dismiss a Chapter 13 case. *See* Fed. R. Bankr. P. 2002(a) (requiring a twenty-day notice of a hearing on the dismissal of a case under Chapters 7, 11, or 12) and Fed. R. Bankr. P. 2002(f) (requiring notice to debtor by mail of the dismissal but not of the hearing on a motion to dismiss).

10.[6] Obviously, if Appellant and/or her attorney were present and agreed to the continuance to October 24, actual notice was provided. In any event, Appellant states in her appellate brief that she was, in fact, at the October 24 hearing on the Trustee's Motion to Dismiss. Where a statement in an appellate brief is "deliberate, clear and unambiguous," as is Appellant's statement, the Panel has discretion to consider the statement to be a judicial admission. *United States v. Burns*, 109 Fed. App'x 52, 58 (6th Cir. 2004); *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 -27 (9th Cir. 1988) (holding that statements of fact contained in a brief may be considered admissions of the party in the discretion of the court); *City Nat. Bank v. United States*, 907 F.2d 536, 544 (5th Cir. 1990) (finding it within the court's discretion to treat statements in briefs as binding judicial admissions of fact). To the extent that Appellant was actually present at the continued hearing or that she and/or her attorney received actual notice and agreed to the continuance to October 24, any error in failing to provide notice by mail is harmless as it is not "inconsistent with substantial justice," and does not "affect the substantial rights of [Appellant]." *Citibank v. Arens (In re Arens)*, 139 B.R. 667, 669 (Bankr. N.D. Ohio 1991) (quoting *Walsh v. Bekins Van Lines Co.*, 217 F.2d 388, 391 (8th Cir. 1954)); Fed. R. Bankr. P. 9005 (incorporating Fed. R. Civ. P. 61, which provides that "[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties").

Appellant also argues that she was not allowed to testify at the hearing on the Trustee's Motion to Dismiss. However, the transcript of the October 24 hearing is not part of the record on appeal. Absent a transcript, this Panel cannot determine the validity of Appellant's argument and cannot conclude that she sought, but was denied, the opportunity to testify at the hearing. *See* 6th Cir. B.A.P. LBR 8009-3(d) (providing that "the appendix shall include the portions of the transcript necessary for adequate review of the issues before the panel").

As this opinion affirms the bankruptcy court's order dismissing her Chapter 13 petition, Appellant's appeal of the November 30, 2006, order granting in part and denying in part her motion for stay pending appeal of the dismissal order is moot. *See Carras v. Williams*, 807 F.2d 1286, 1289

---

[6] Appellant states that she was "ordered to appear in court every other week from May to October 10, 2006 " but that she "wasn't told to come to court on October 24, 2006." (Appellee's App. at 80.) Nevertheless, this is not an admission that she was actually present on October 10.

(6th Cir. 1986) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief.").

## V.   CONCLUSION

The bankruptcy court did not abuse its discretion in dismissing Appellant's Chapter 13 case for failure to comply with the terms of her confirmed plan.  Therefore, for the foregoing reasons, the bankruptcy court's order dismissing the case is AFFIRMED (B.A.P. Case No. 06-8102), and Appellant's appeal of the bankruptcy court's order denying in part her motion for stay pending appeal is DISMISSED as moot (B.A.P. Case No. 06-8103).