**In re Ruben BADALYAN, Debtor.**

**Ruben Badalyan, Appellant,**

**v.**

**Jerome Holub, Chapter 13 Trustee, Appellee.**

**BAP No. 98–8090.**

United States Bankruptcy Appellate Panel of the Sixth Circuit.

Submitted April 9, 1999.

Decided Aug. 13, 1999.

Ruben Badalyan, Akron, Ohio, pro se.

Before RHODES, STOSBERG, and WALDRON, Bankruptcy Appellate Panel Judges.

## OPINION

The Debtor, Ruben Badalyan, appeals determinations by the bankruptcy court denying his request that the judge recuse herself, dismissing the Chapter 13 bankruptcy case and imposing a 180–day bar on refiling. The Panel concludes that the

bankruptcy court did not err in denying the request for recusal and in dismissing the Chapter 13 case for cause. However, the Debtor was not given notice of the hearing at which the 180–day bar for failure to appear in proper prosecution of the case was imposed. Accordingly, the Panel **AFFIRMS** the denial of the recusal request and the dismissal of the case, but **VACATES** the 180–day bar on refiling.

## I. ISSUES ON APPEAL

The Debtor's appeal attempts to present a variety of issues, a number of which are not properly the subject of this appeal. The following are the dispositive issues. First, did the bankruptcy court err in denying the Debtor's motion for recusal? Second, did the bankruptcy court properly dismiss the case for cause? Third, was the Debtor provided notice of the hearing at which the 180–day bar was imposed?

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. 28 U.S.C. § 158(a) and (c).

■ A "final order" of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). "For purposes of appeal, an order is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Cundiff v. Cundiff (In re Cundiff)*, 227 B.R. 476, 477 (6th Cir. BAP 1998) (quoting *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879 (1989)). An order dismissing a bankruptcy case is a final order.

Dismissal of a bankruptcy case is reviewed for abuse of discretion. A bankruptcy court abuses its discretion when "it relies upon clearly erroneous finding of fact or when it improperly applies the law or uses an erroneous legal standard." A bankruptcy court's findings supporting dismissal of a bankruptcy petition are factual determinations.

*Booher Enters. v. Eastown Auto Co. (In re Eastown Auto Co.)*, 215 B.R. 960, 963 (6th Cir. BAP 1998) (internal citations omitted).

■ Findings of fact are reviewed under the clearly erroneous standard. Fed. R. Bankr.P. 8013. A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Tedeschi v. Falvo (In re Falvo)*, 227 B.R. 662, 663 (6th Cir. BAP 1998) (citations omitted).

■ Conclusions of law are reviewed de novo. "De novo review requires the Panel to review questions of law independent of the bankruptcy court's determination." *Cundiff*, 227 B.R. at 477 (citations omitted).

## III. FACTS

On August 4, 1998, the Debtor filed this Chapter 13 bankruptcy case. The meeting of creditors was originally scheduled for September 3, 1998, but has never been held.

On September 4, 1998, the Debtor filed a one page document as his Chapter 13 plan. This document contained preprinted language, to which the Debtor added several handwritten phrases. The document fails to comply with the requirements of a Chapter 13 plan set forth in 11 U.S.C. § 1322(a)(1) and fails to allege cause to extend payments beyond three years under § 1322(d). Rather, it indicates that the Debtor will make monthly payments for "as long as needed." (Chapter 13 Plan, Joint Appendix tab 2.) The plan does not provide any calculation of a percentage to be paid to unsecured creditors. Instead, it provides that unsecured creditors will share the monthly payment "minus trustee's expenses pro rata." (Id.) It identifies no unsecured creditors by name. The plan states that "claims of secured creditors are rejected by the Debtor and shall not be paid." (Id.)

National City Bank, Fifth Third Bank, and United National Bank & Trust, all of whom filed secured claims, filed objections to confirmation of the plan. The Debtor filed responses to these objections and filed objections to the secured claims.

On October 8, 1998, Jerome Holub, the Chapter 13 Trustee, filed a motion to dismiss on the grounds that the meeting of creditors was never held and the plan does not comply with applicable Chapter 13 requirements, including § 1325(a)(3) & (4). The Trustee argued that he was unable to determine plan feasibility because the plan stated no percentage to unsecured creditors and rejects secured creditors' claims.

A hearing on this motion was originally scheduled for November 19, 1998. However, the court, sua sponte, rescheduled this hearing to coincide with other hearings scheduled for November 4, 1998 on confirmation and on the Debtor's objections to the secured claims. The Debtor filed a motion for continuance of the hearing on the motion to dismiss, which was denied, and then filed a motion for recusal. The bankruptcy court scheduled a hearing on the motion for recusal with the other pending matters on November 4, 1998.

At the November 4, 1998 hearing, the bankruptcy court denied the Debtor's motion for recusal, considered the Debtor's objections to the creditors' proofs of claim, and sustained the creditors' objections to confirmation.

The court treated the motion to dismiss separately and continued it, but did not announce a continued date at the hearing. At the hearing, the court did, however, order the Debtor either to file a memorandum by November 16, 1998, showing cause why his case should not be dismissed or to amend his plan to recognize the creditors' objections to confirmation, which had been sustained by the court. The court instructed the Debtor to file a document containing factual information and not a conclusory document.

In response to the order to show cause, on November 16, 1998, the Debtor filed a document with three sentences:

Now comes the Debtor Ruben Badalyan and shows good cause why this case should not be dismissed as following:

1. The Debtor filed this case in good faith.

2. On November 2, 1998, the Debtor has objected the Secured Creditors' Claims specifically stating the reason for his objections and requested the Jury Trial, and this Court, has not decided these objections yet.

3. On November 12, 1998, the Debtor has filed the Notice of Appeal, and since then, this case is within jurisdiction of the Bankruptcy Appellate Panel for the Sixth Circuit.[1]

On November 19, 1998, the court held a hearing on the Trustee's original motion to dismiss. The hearing was apparently conducted as part of a previously scheduled Chapter 13 docket. The Debtor was not present at the hearing. No notice had been provided to the Debtor that the Trustee's original motion to dismiss would be considered at this hearing. On November 20, 1998, the bankruptcy court entered an order granting the Trustee's motion to dismiss and, pursuant to 11 U.S.C. § 109, prohibiting the Debtor from refiling for 180 days. The order specifically stated that the 180-day bar was based on the Debtor's failure to appear at the November 19th hearing on the motion to dismiss. The Debtor filed a timely notice of appeal.

## IV. DISCUSSION

*A. The bankruptcy court properly denied the Debtor's motion for recusal.*

■ The Debtor filed a motion for recusal asserting that the bankruptcy judge is

---

1. The notice of appeal filed on November 12, 1998 appealed the bankruptcy court's November 11, 1998 order denying recusal and ordering the debtor to show cause why his case should not be dismissed. This appeal, docketed as BAP Case 98–8086, was dismissed for lack of jurisdiction because the November 11, 1998 order was not a final order.

biased against all pro se litigants. The Debtor argues that it is settled law that the pleadings and motions prepared by pro se litigants are held "to less stringent standards than formal pleadings drafted by lawyers." (Appellant's Br. at 19 quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).) Therefore, the Debtor argues that the bankruptcy judge's statement that "debtors who appear pro se in this Court are subject to the same standard of practice as debtors who are represented by counsel" proves that the judge is biased against all pro se litigants. (Appellant's Br. at 16.)

The bankruptcy judge denied the Debtor's motion for recusal, stating, "I have no basis for having any feelings about your case one way or the other. With respect to the matters that I've stated on the record about my expectations of people who are representing themselves pro se, that does not give rise to any basis for me to recuse myself." (Tr. 11/4/98 hearing at 3, Joint Appendix tab 8.)

■■■ A bankruptcy court's order denying a motion for recusal is reviewed under the abuse of discretion standard. *Barclays/American Business Credit, Inc. v. Adams (In re Adams)*, 31 F.3d 389, 396 (6th Cir.1994), *cert. denied*, 513 U.S. 1111, 115 S.Ct. 903, 130 L.Ed.2d 786 (1995). "Bankruptcy judges are governed by 28 U.S.C. § 455 in recusal decisions." *In re Mazur*, 220 B.R. 348, 349 (Bankr. E.D.Mich.1998) (citation omitted).

■■■ The Debtor asserts that the bankruptcy judge should have recused herself because pursuant to § 455, a judge must recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Debtor asserts that the bankruptcy judge's comments regarding her expectations of pro se litigants indicate a bias towards all pro se litigants. However, the Supreme Court recently explained:

Opinions formed by the judge on the basis of facts introduced or events occur-

ring in the course of the current proceedings ... do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus judicial remarks during the course of the trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994).

In the present case, the bankruptcy judge's comments regarding her expectations of pro se litigants were not hostile to the Debtor, or even critical or disapproving of him. The judge's comments do not "display a deep-seated antagonism" toward pro se litigants. Indeed, the record fully demonstrates that the bankruptcy judge displayed commendable patience with the Debtor in considering his unusual claims and in granting him an additional opportunity to file either a memorandum of points and authorities or an amended Chapter 13 plan that could be confirmed. The bankruptcy judge did not abuse her discretion in denying the motion for recusal.

**B. The bankruptcy court properly dismissed the Chapter 13 case for cause.**

■■■ The bankruptcy court dismissed the Chapter 13 case for cause pursuant to § 1307(c). Section 1307 provides:

(c) Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—

(1) unreasonable delay by the debtor that is prejudicial to creditors;

. . . .

(5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan[.]

11 U.S.C. § 1307(c)(1) & (5).

■ Failure to file a Chapter 13 petition in good faith is also cause for dismissal under § 1307. *Hardin v. Caldwell (In re Caldwell)*, 895 F.2d 1123, 1126 (6th Cir. 1990).

The bankruptcy court found that the Debtor's failure to file a plan conforming to the requirements of § 1325 and his failure to amend his plan constituted prejudicial delay to his creditors. The court also found that the Debtor had not filed his Chapter 13 petition in good faith. Therefore, the bankruptcy court dismissed the case.

The Debtor asserts that his Chapter 13 plan does comply with § 1325 and that he is allowed to reject secured claims. The Debtor bases this assertion on the fact that § 1325 refers only to "allowed claims." The Debtor argued to the bankruptcy court that the secured creditors' claims were based on fraud and should not be allowed. The bankruptcy court granted the Debtor an opportunity to establish his argument, and even permitted him to leave the November 4th hearing to go to his home to obtain evidence to support his positions concerning the secured creditors' claims. The Debtor could not provide the court with any such evidence. However, the bankruptcy court did not enter a final determination on the Debtor's objections at that time. The court's order to show cause specifically states, "The Court is not ruling at this time on Debtor's Objections to the Fifth Third, National City and United National [sic] Banks' Claims Which Are Included in His Petition as 'Disputed', filed on November 2, 1998." (11/10/98 Order to Show Cause at 5, Joint Appendix tab 9.) The Debtor now asserts that his failure to amend the plan to provide for the claims cannot be cause for dismissal because the court had not yet ruled whether the claims re allowed.

The order to show cause required the Debtor to file a "memorandum of points *and authorities* explaining why his case should not be dismissed" or to amend the plan to acknowledge the creditors' claims. (Id. (emphasis added.)) The Debtor's memorandum did not contain any points or authorities. Moreover, the Debtor did not amend his plan. The court's order to show cause indicated that the bankruptcy court only delayed overruling the Debtor's objections to the creditors' claims to give the Debtor one last opportunity to explain the legal basis for his position. The Debtor failed to do so. The Debtor's failure to comply with the bankruptcy court's order to show cause is indicative of bad faith and constitutes cause to dismiss his case. In light of the court's decision to dismiss the case for cause, there was no reason for the court to rule specifically on the Debtor's objections to the secured claims.

The bankruptcy court also properly denied confirmation of the Debtor's plan because the plan failed to comply with the mandatory and permissive provisions of § 1325 and because the Debtor failed to comply with the court's orders to amend and to file a memorandum to prevent dismissal. The Debtor's plan does not state the duration of payments or a percentage dividend to unsecured creditors. The bankruptcy court gave the Debtor fifteen days to amend his plan or show cause why his case should not be dismissed. The bankruptcy court properly concluded that the Debtor's failure to amend his plan or otherwise comply with the court's order constituted cause for dismissal under § 1307(c)(1) & (5).

Moreover, the Debtor was accorded the proper "notice and a hearing" required prior to dismissal under § 1307(c). The Debtor received notice that the bankruptcy court would conduct a hearing regarding the Trustee's motion to dismiss the Chapter 13 case on November 4, 1998. The record shows that the Debtor attend-

ed that hearing. At the conclusion of the hearing, the bankruptcy court gave the Debtor one last opportunity to show cause why his case should not be dismissed. Following an unsatisfactory response to the order to show cause, the bankruptcy court properly entered an order of dismissal on November 20, 1998. The Debtor was provided a full opportunity to present his position to the court and no further court hearing was required in these circumstances.

*C. Because the Debtor was not given notice of the November 19, 1998 hearing, the bankruptcy court erred in imposing a 180–day bar for the Debtor's failure to appear.*

 Following the November 19, 1998 hearing on the Trustee's original motion to dismiss, the bankruptcy court entered an order on November 20, 1998, dismissing the Debtor's Chapter 13 case and imposing a 180–day bar on refiling. The order states, "In addition, in accordance with 11 U.S.C. § 109(g), because Debtor has failed to appear before the Court in proper prosecution of this case, Debtor shall be prohibited from filing another case under title 11 for 180 days from the entry of this Order." (11/20/98 Order Dismissing Case, Joint Appendix tab 14.)

On October 8, 1998, when the Trustee filed the original motion to dismiss, a hearing was scheduled for November 19, 1998. The docket then shows that on October 21, 1998, the hearing on the motion to dismiss was rescheduled to November 4, 1998 to coincide with the hearings on the other pending motions and objections. At the November 4, 1998 hearing the Debtor asserted that he had not received notice that the hearing on the motion to dismiss had been rescheduled. However, the bankruptcy court provided the Debtor with a proof of notice which indicated that the Debtor had received notice that the hearing was rescheduled. The bankruptcy court stated:

If you'll look at the last line on that on the matters to be heard today, you will see that there is the rescheduled motion for the Trustee, Jerome L. Holub. And the reason that that was listed was on– at the hearing in your case on October 19th, I stated that rather than try to handle the various evidentiary issues that were presented and the other issues that were presented on the Chapter 13 docket, which is often–oftentimes I'll have fifty (50) people waiting to be heard, I placed it on this morning's docket so that I could consider all of the matters.

(Tr. 11/4/98 hearing at 6, Joint Appendix tab 8.)

The court's statements to the Debtor clearly indicate that the court considered the matter removed from the November 19, 1998 docket and rescheduled to the November 4, 1998 docket. The court proceeded with the hearing on the motion to dismiss in spite of the Debtor's protest that he was unprepared because the court determined that the Debtor had received notice that the hearing had been rescheduled.

Later, in the hearing on November 4, 1998, the court stated, "And we will adjourn that portion o [the Trustee's] motion to dismiss which addresses the issue of, quote rejection of secured claims. I'll determine to what date at the conclusion of everything that's on the docket this morning." (Tr. 11/4/98 hearing at 12, Joint Appendix tab 8.) Importantly, the transcript of the hearing reveals that the court did not give the parties an adjourned date during the hearing and the docket does not reflect that any notice of an adjourned date was sent to any of the parties.

The transcript of the November 19, 1998 hearing shows that the case was called on the Trustee's adjourned motion to dismiss. (Tr. 11/19/98 hearing at 1, Joint Appendix tab 13.) The Trustee informed the court that no amended plan had been filed and that he was still unable to determine feasibility. (Id.) The bankruptcy court noted

that the Debtor's response to the Order to Show Cause was not persuasive and the case would be dismissed. (Id. at 2–3.) The bankruptcy court then noted that the Debtor had chosen not to be present, and dismissed the case with a 180–day bar to refiling. (Id. at 3.)

Because the record does not show that the Debtor was given notice of the November 19, 1998 hearing, his failure to appear at that hearing cannot constitute grounds for the imposition of a 180–day bar to refiling. *See Ted Lapidus, S.A. v. Vann,* 112 F.3d 91, 96 (2nd Cir.1997) ("Due process requires that courts provide notice and opportunity to be heard before imposing any kind of sanctions."); *In re Lewis,* 67 B.R. 274, 276 (Bankr.E.D.Tenn.1986) (The debtors' failure to appear at a hearing for which they had not received notice was not a knowing and intentional failure to appear in prosecution of the case, and accordingly not an appropriate basis for a bar on refiling under § 109(g).).

Moreover, the original notice of the November 19, 1998 hearing, which did not contain any notice that the court was considering imposing a 180–day bar, could not remain proper notice. The bankruptcy court specifically instructed the Debtor that the dismissal hearing had been removed from the November 19, 1998 docket and rescheduled to November 4, 1998, and the court provided no further oral or written notice that the hearing had then been rescheduled to its original November 19, 1998 date.

## V. CONCLUSION

The bankruptcy court did not abuse its discretion in denying the motion for recusal. The Debtor's failure to file a confirmable plan, his delay in pursuing his case and his failure to comply with a court order constitute cause for dismissal of the case pursuant to § 1307. However, because the Debtor did not receive notice of the November 19, 1998 hearing, the court could not impose a 180–day bar to refiling for his failure to appear at that hearing.

Accordingly, the denial of the request for recusal and the dismissal of the case are **AFFIRMED.** The 180–day bar to refiling is **VACATED.**