*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. B.A.P L.B.R 8013-1(b). See also 6th Cir. B.A.P L.B.R 8010-1(c)*

**File Name: 06b0003n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: MARK RODNEY WELLMAN<br>and GINA SUE WELLMAN, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| MARK RODNEY WELLMAN<br>and GINA SUE WELLMAN, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | No. 05-8064 |
| | ) | |
| SALT CREEK VALLEY BANK, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Eastern Division at Columbus.
No. 03-51439.

Submitted: November 9, 2005

Decided and Filed: January 26, 2006

Before: GREGG, LATTA, and PARSONS, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Ray P. Drexel, James H. Bownas, GAMBLE HARTSHORN JOHNSON, Columbus,
Ohio, for Appellee. Mark Rodney Wellman, Gina Sue Wellman, Circleville, Ohio, pro se.

_____

**OPINION**

_____


JENNIE D. LATTA, Bankruptcy Appellate Panel Judge. Mark and Gina Wellman appeal from the bankruptcy court's orders: (1) dismissing their chapter 13 case with prejudice and (2) denying their motion to reconsider the order of dismissal. For the reasons set forth below, we AFFIRM the decision of the bankruptcy court.


## I. ISSUES ON APPEAL

Whether the bankruptcy court's determination that cause existed for dismissing the Wellmans' chapter 13 case with prejudice was clear error. Whether the bankruptcy court abused its discretion in denying the Wellmans' motion for reconsideration.


## II. JURISDICTION AND STANDARD OF REVIEW

The United States District Court for the Southern District of Ohio has authorized appeals to the BAP. A "final order" of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted); *In re Copper*, 314 B.R. 628, 629-630 (B.A.P. 6th Cir. 2004), *aff'd,* 426 F.3d 810 (6th Cir. 2005). A bankruptcy court order dismissing a chapter 13 case is a final order, *In re Badalyan*, 236 B.R. 633 (B.A.P. 6th Cir. 1999), as is an order denying a motion for reconsideration. The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal.

A determination that cause exists for dismissal or conversion of a chapter 13 case is reviewed under the "clearly erroneous" standard. *In re Alt,* 305 F.3d 413, 419 (6th Cir. 2002); *In re Caldwell,* 895 F.2d 1123, 1127 (6th Cir.1990). The denial of a motion for relief from a judgment that is not a summary judgment is reviewed for abuse of discretion. *Smith v. Wal-Mart Stores, Inc.,* 167 F.3d 286, 289 (6th Cir. 1999). An abuse of discretion occurs when the bankruptcy court relies upon

clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard. *Corzin v. Fordu* (*In re Fordu*), 209 B.R. 854, 858 (B.A.P. 6th Cir. 1997).

## III.  FACTS

The Debtors filed four voluntary chapter 13 petitions between June 12, 1996, and February 3, 2003.  The first case was converted to chapter 7 and ended in the entry of a discharge on February 11, 1998.  The second and third chapter 13 cases, filed in 1998 and 2002, were respectively dismissed for failure to make plan payments and to submit a confirmable plan.  Schedules and statements needed to complete the fourth and present chapter 13 case, filed February 3, 2003, were not filed until the chapter 13 trustee filed a motion to dismiss the case.

The schedules that were eventually filed showed that the Debtors were owners of a 3-acre parcel of unimproved land adjacent to their residence with a value of $12,000, encumbered by two liens totaling $92,000.  The first lienholder was Salt Creek Valley Bank ("Salt Creek"), which promptly filed a motion seeking not only the dismissal of the bankruptcy case but also a bar to any subsequent refiling.  The motion was resolved by a consent order entered June 18, 2003, which provided that if the case were dismissed for any reason prior to February 3, 2006, the dismissal would be "with prejudice," which was specified to mean that the Debtors would be prohibited for 180 days after any dismissal from filing another bankruptcy case that would interfere with the rights of Salt Creek.  Thereafter, an order confirming the Debtors' amended chapter 13 plan was entered on July 30, 2003.

On March 11, 2004, the chapter 13 trustee filed a second motion to dismiss the case because the Debtors' plan payments were approximately six and one-half months in arrears.  The Debtors filed a response stating that they were making certain changes to their trucking business to increase its revenue and that they planned to file a motion to modify their plan.  Over a year later, on April 1, 2005, the Debtors and the chapter 13 trustee entered into a consent order whereby the Debtors agreed to resume payments to the chapter 13 trustee within thirty days of entry of the order, with payment to be consistent with any motion to modify plan filed by the Debtors.  The order further

3

provided that the Debtors' failure to resume payments would result in automatic dismissal of the case upon the filing of a statement of nonpayment by the chapter 13 trustee.

Thirty days passed without the Debtors resuming plan payments or moving to modify their plan. Accordingly, on May 13, 2005, Salt Creek filed another motion to dismiss the case. Only then did the Debtors file a motion to modify their plan, which was met by objections from the chapter 13 trustee and a creditor, but did not resume their plan payments. Salt Creek's motion to dismiss was initially scheduled for hearing on June 21, 2005, but at the scheduled hearing, the Debtors' attorney was permitted to withdraw from the representation. To give the Debtors a chance to employ other counsel, the court continued the hearing until July 7, 2005, but not before Mr. Wellman questioned why Salt Creek wanted dismissal of the case in light of the fact that his proposed plan modification granted Salt Creek relief from the automatic stay. The bankruptcy court asked counsel for Salt Creek whether he wished to respond to that proposal, and counsel for Salt Creek, Mr. Bownas, responded as follows:

> Your Honor, we would love to have a relief from stay or a dismissal or any resolution of this matter which has been pending for seven years now. And if the court is willing to act upon Mr. Wellman's proposed modification to his Chapter 13 plan which would grant Salt Creek Valley Bank a relief from the automatic stay, we would be delighted to accept it and proceed on that basis. And, of course, we would withdraw our motion to dismiss if that order was entered, yes, Your Honor.

Transcript, 6/21/05, p. 6. The bankruptcy court encouraged the Debtors to have their new attorney contact Mr. Bownas but cautioned that there would be "other issues" to consider at the rescheduled hearing, including the chapter 13 trustee's motion to dismiss. *Id.* at 6-7.

At the hearing on July 7, 2005, a representative of the chapter 13 trustee's office reported that the Debtors had paid only $7,762 out of the $50,670 that should have been paid according to their plan, with the most recent payment having been made on May 3, 2004, some fourteen months prior to the hearing. On the basis of this report, the bankruptcy court granted the motion to dismiss and

citing the Debtors' previous agreement to a 180-day bar, prohibited the Debtors from filing another bankruptcy case under any chapter for 180 days.[1]

The following day the Debtors filed a motion to reconsider the ruling in which they requested reinstatement of their chapter 13 case and additional time to modify their plan. The Debtors argued that the claims filed in their case had been overstated, that their proposed modification would satisfy remaining creditors, and that Salt Creek had agreed to accept relief from the stay in lieu of case dismissal. The bankruptcy court treated the "motion for reconsideration" as a motion for amendment of a judgment filed pursuant to Federal Rule of Civil Procedure 59(e), made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9023. After reviewing the motion and the history of the case, the court found that the Debtors' version of events was at odds with the actual history of the case and that no grounds were presented for amending its prior order.

## IV.   DISCUSSION

The bankruptcy court's dismissal of the Debtors' case was based upon the court's finding that the Debtors were in material default of the performance of their chapter 13 plan. Material default by the debtor with respect to a term of a confirmed plan is one of the grounds for dismissal of a chapter 13 case. 11 U.S.C. § 1307(c)(6). The court's finding was supported by the report of the chapter 13 trustee, which reflected that the Debtors had made no payments under their chapter 13 plan for the fourteen months preceding the hearing, resulting in a substantial deficit in plan payments. The plan deficit of some $43,408 represented more than 85% of the Debtors' scheduled

---

[1] Although the prior agreed order provided that the "the 180 day time bar provided by 11 U.S.C. 106(g) [sic] shall be deemed applicable as to the claim of Salt Creek only"(quoted in Opinion and Order Denying Motion for Reconsideration, but not included in Appendix), the court nevertheless ordered that "the Debtors shall not be eligible to file a petition under any Chapter of the Bankruptcy Code at any time prior to the date which is 180 days following the date on which this Order becomes a final, non-appealable order" (Order Granting Motion of Secured Creditor Salt Creek Valley Bank to Dismiss Chapter 13 Case). Thus, while the court cited the prior agreed order as one of the bases for its order of dismissal, its order of dismissal actually went beyond the agreement of the parties by rendering the Debtors ineligible to file any bankruptcy case for a period of 180 days.

payments. Unexcused failure to make scheduled payments in a chapter 13 plan for a period of fourteen months and in an amount representing more than 85% of the scheduled payments is indisputably a material default. Based upon its finding of material default, the bankruptcy court acted within its discretion in dismissing the bankruptcy case.[2]

Further, the bankruptcy court ruled that the Debtors would be ineligible to file another bankruptcy case under any chapter for 180 days. The Debtors have made no argument in this appeal challenging the authority of the bankruptcy court to condition the dismissal of the bankruptcy case in this manner. This authority is well-established by the Bankruptcy Code and relevant case law. A willful failure of a debtor to abide by court orders renders a debtor ineligible for bankruptcy relief for a period of 180 days. 11 U.S.C. § 109(g). The filing of multiple cases absent changed circumstances is an abuse of the bankruptcy process from which a court may infer a willful failure to abide by orders of the court. *See, e.g.*, *Casse v. Key Bank Nat'l Assoc. (In re Casse),* 198 F. 3d 327 (2d Cir. 1999) (prior dismissal of chapter 11 case "with prejudice" resulted in dismissal of subsequent chapter 13 case); *Tolbert v. Fink (In re Tolbert),* 255 B.R. 214 (B.A.P. 8th Cir. 2000) (debtor failed to timely file plan in sixth bankruptcy case filed within three years; appellate court affirmed dismissal with 180 day bar to refiling), *aff'd,* 14 F. App'x 735 (8th Cir.2001); *see generally* 5 Norton Bankr. Law and Prac. 2d § 125:5, n. 45 (listing decisions involving multiple or abusive cases that were dismissed with a bar to refiling).

The Debtors argue that the bankruptcy court abused its discretion in failing to grant their motion for reconsideration. In connection with their motion for reconsideration, the Debtors argued that certain claims in their chapter 13 case were overstated, that they had proposed a modification of their plan that would satisfy all creditors, and that counsel for Salt Creek had agreed to accept their offer of relief from the automatic stay in lieu of seeking dismissal of the case. The bankruptcy court found that the Debtors' contentions were not factually accurate. Further, the court noted that the

---

[2] Although not cited by the bankruptcy court as a basis for dismissal of the case, this Panel notes that in the consent order entered April 1, 2005, resolving the chapter 13 trustee's motion to dismiss, the Debtors agreed to automatic dismissal of their case if they did not resume payments within 30 days of the order. As previously observed, the Debtors not only failed to meet this 30-day deadline, but also had not resumed payments by the July 7, 2005 hearing on the dismissal motion.

arguments of the Debtors failed to address their substantial default in payments, which was the basis for dismissal. Accordingly, the court denied their motion.

In their appellate brief, the Debtors argue that their motion should have been granted on the basis of the discovery of new evidence and to prevent a manifest injustice. Under Rule 59, newly discovered evidence may justify relief from a judgment where the evidence was discovered after trial, the movant exercised due diligence to discover the new evidence, the evidence is not merely cumulative or impeaching, the evidence is material and would probably produce a different result. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000). The Debtors argue that Mr. Bownas, attorney for Salt Creek, was not available at the continued hearing on the motion to dismiss and imply that had he been there, they could have asked him about the alleged agreement of Salt Creek to accept relief from the automatic stay in lieu of pursuing the motion to dismiss. The Debtors assert that the transcript of Mr. Bownas' prior statement, which was not available at the hearing on the motion to dismiss, was newly discovered evidence, which if considered by the bankruptcy court would have justified denial of Salt Creek's dismissal motion. This argument was not made in connection with the motion for reconsideration.

The Panel was not provided with a complete transcript of the July 7, 2005 hearing, but the portion provided included the opening statement of counsel for the Debtors. At no time did counsel object to the hearing proceeding on the basis that Mr. Bownas was not available for questioning or that a transcript of the prior hearing was not available. The statements made by Mr. Bownas at the prior hearing were known by the Debtors because Mr. Wellman was present at that prior hearing. Thus, failure to have the witness present or a transcript available at the scheduled hearing was a failure in proof or preparation, not a failure to discover evidence. "A [trial] court does not abuse its discretion in denying a Rule 59 motion when it is premised on evidence that the party had in its control prior to the original entry of judgment." *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989).

Further, it is clear from the bankruptcy court's opinion and order denying the Debtors' motion for reconsideration that the court fully considered the statements of Mr. Bownas at the earlier hearing in addressing the Debtors' motion to reconsider. The bankruptcy court found that despite

the alleged agreement, the conditions of that agreement were not satisfied. Counsel for Salt Creek indicated a willingness to withdraw its dismissal motion if an order were entered approving the Debtors' proposed plan modification which provided automatic stay relief to Salt Creek. Whether or not counsel was authorized to make this statement, the bankruptcy court found that the condition to the agreement failed because the Debtors' plan modification had not been approved, nor had a proposed order granting relief to Salt Creek otherwise been tendered to the court. The Debtors offer no evidence that suggests that the bankruptcy court's factual findings in this regard were erroneous.

Moreover, the bankruptcy court dismissed the case based upon the chapter 13 trustee's report that there was a substantial and material default in the Debtors' plan payments. None of the Debtors' arguments in support of the motion for reconsideration or on appeal directly address this issue. The court reaffirmed that the Debtors had multiple opportunities over the prior nine years to successfully complete a chapter 13 case, but had failed to do so. Given the Debtors' prior history and their failure to establish any grounds for granting relief from the prior order of dismissal, the bankruptcy court acted well within its discretion in refusing to grant the motion for reconsideration.

## V.   CONCLUSION

For the reasons stated, the orders of the bankruptcy court are AFFIRMED.