*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name:  10b0009n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re:   ROCKY  A.  DeVITO  and PAMELA S. DeVITO, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| ROCKY A. DeVITO and PAMELA S. DeVITO, | ) | No. 09-8072 |
| Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FRANK M. PEES, | ) | |
| Appellee. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, at Columbus.
No. 08-58592.

Argued:  August 11, 2010

Decided and Filed:  October 14, 2010

Before: BOSWELL, McIVOR, and SHEA-STONUM, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:**  Joseph M. Romano, Hilliard, Ohio, for Appellants.  John W. Kennedy, Worthington, Ohio, for Appellee.  **ON BRIEF:**  Joseph M. Romano, Hilliard, Ohio, for Appellants.  John W. Kennedy, Worthington, Ohio, for Appellee.

---

**OPINION**

---

MARCI B. McIVOR, Bankruptcy Appellate Panel Judge.

## I. ISSUES ON APPEAL

This is an appeal from the bankruptcy court order denying confirmation of the Debtors' third amended plan of reorganization and dismissing their chapter 13 case. The Debtors raise the following issues on appeal: (1) Whether the bankruptcy court abused its discretion when it denied confirmation of the Debtor' proposed chapter 13 plan and dismissed the Debtors' case, and (2) Whether Local Bankruptcy Rule 3015-2, as applied in this case, violated 11 U.S.C. § 1323 and abrogates Federal Rule of Bankruptcy Procedure 3015.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the Panel, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). The Panel has jurisdiction to hear appeals from "(1) final judgments, orders and decrees; . . . and (3) with leave of court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a). A party may bring an appeal as of right under 28 U.S.C. § 158(a)(1) from final judgments, orders and decrees of the bankruptcy court. A decision is considered final and appealable under 28 U.S.C. § 158(a)(1) if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). Orders denying confirmation and dismissing a chapter 13 bankruptcy case are final for the purposes of appeal. *See In re Scott*, 188 F.3d 509 (6th Cir. 1999) (unpublished table decision); *Raynard v. Rogers (In re Raynard)*, 354 B.R. 834 (B.A.P. 6th Cir. 2006).

> Dismissal of a bankruptcy case is reviewed for abuse of discretion. *In re Eastown Auto Co.*, 215 B.R. 960, 963 (B.A.P. 6th Cir.1998). A bankruptcy court abuses its discretion when "it relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Id.* The findings of

a bankruptcy court which support dismissal of the bankruptcy case are factual determinations which are reviewed under the clearly erroneous standard. Fed. R. Bank. P. 8013.

*Riverview Trenton R.R. Co. v. DSC, Ltd.* (*In re DSC, Ltd.*), 486 F.3d 940, 944 (6th Cir. 2007).

## III. FACTS

Mr. And Mrs. DeVito (the "Debtors") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on September 5, 2008 (the "Petition Date"). On the Petition Date, the Debtors had "above median income." The Debtors filed a chapter 13 plan with their voluntary petition proposing to pay $1,700 per month into their plan resulting in a 100% dividend to unsecured creditors.

On September 10, 2008, an order was entered directing that $1,700 per month be deducted from Debtors' pay and sent to the Trustee. A confirmation hearing was scheduled for December 4, 2008. On October 28, 2008, the Debtors filed an amended chapter 13 plan to "correct treatment of American Honda Finance's claim[s]." In addition, the Debtors filed objections to the claims of American Honda Finance and of HSBC Mortgage Services. The objections to claims were scheduled for hearing on January 22, 2009.

On November 5, 2008, the Chapter 13 trustee (the "Trustee") filed an objection to confirmation of the amended plan. The Trustee objected to confirmation because the amended plan did not comply with § 1325 as it would take 65 months to complete. In addition, the Trustee's objection requested that the plan be amended "to pay both mortgages via conduit as per POC's both accounts are in arrears (Debtors have objected to both claims. If granted plan at 64 months)." The Trustee's objection further stated,

> Pursuant to LBR 3015-2(a), amendments necessary to place the plan in a posture for confirmation must be filed at least ten (10) days prior to the hearing on confirmation set for 12/4/2008, unless Debtor(s) have entered into an Agreed Order with the Trustee and so are bound by the terms of that Order.

On November 20, 2008, the Debtors filed a second amended chapter 13 plan still proposing to pay 100% to unsecured creditors and to adjust the plan payments as requested by the Trustee to ensure compliance with plan length requirements.

The court's docket indicates that the confirmation hearings were adjourned four times from December 4, 2008 to April 2, 2009.[1]

On February 19, 2009, at the hearing on Debtors' objection to HSBC Mortgage Service's claim, Debtors' counsel reported a resolution with HSBC and agreed to submit a proposed agreed order. On April 23, 2009, HSBC withdrew two of its claims.

On March 10, 2009, the Trustee filed an objection to confirmation of the second amended chapter 13 plan. The objection recommended the Debtors seek to avoid the second mortgage and amend the plan to pay the first mortgage via conduit. The objection contained the same language as the prior objection regarding the deadline for filing an amended plan. The new deadline was ten days prior to April 2, 2009.

On March 18, 2009, in compliance with the Trustee's request, the Debtor commenced an adversary proceeding against HSBC seeking to avoid the second mortgage. HSBC did not respond to the complaint. On June 22, 2009, the Debtors filed a motion for default judgment. On August 14, 2009, the Court denied the motion without prejudice because it could not discern whether the Debtors properly served HSBC. An alias summons was issued on September 1, 2009 and the Debtors filed an executed certificate of service showing service of the summons by certified mail on September 1, 2009. On October 20, 2009, the Debtors filed a motion for default judgment. No order has been entered with respect to the Debtors' motion for default judgment.

---

[1]The confirmation hearing scheduled for December 4, 2008 was adjourned to January 8, 2009, then to February 5, 2009, then to March 5, 2009, and finally to April 2, 2009.

The confirmation hearing was adjourned four more times from April 2, 2009 to November 5, 2009.[2]

On October 8, 2009, the Debtors filed a third amended plan decreasing the amount of the plan payments for the remainder of the plan to $612 per month and reducing the dividend to unsecured creditors to 20% in light of the Debtors' reduced income resulting from the retirement of the Debtor Wife. Concurrently, the Debtors filed an amended Schedule I reflecting wages of $5,403.37 per month (down from $6,782.98 as of the Petition Date). Schedule J filed on the Petition Date shows expenses in the amount of $4,791.15. On October 19, 2009, a wage order was entered requiring $612 per month to be deducted from the Debtors' pay.

On October 16, 2009, the Trustee filed a third objection to confirmation noting that the Debtors' income had changed and requesting that the Debtors file an amended Schedule J removing the payment on the second mortgage. In addition, the Trustee objected to the plan length which he calculated at 34 months. The objection contained the same language as the prior objections regarding the deadline for filing an amended plan. The new deadline was ten days prior to November 5, 2009.

The Debtors filed a fourth amended chapter 13 plan on November 2, 2009, after the deadline set forth in the Trustee's objection had expired. The fourth amended plan increased the amount of the monthly plan payment to $753 and increased the dividend to unsecured creditors to 36% based on the amendment to Schedule J.

At the confirmation hearing held on November 5, 2009, the Debtors' counsel of record did not appear, but sent substitute counsel in his absence. The substitute counsel requested an adjournment and the Trustee refused to consent to another adjournment. Therefore, a confirmation hearing was held and the bankruptcy court denied Debtors' counsel's request for a continuance, denied confirmation of the third amended plan, did not consider the filing of the fourth amended

---

[2]The April 2, 2009 confirmation hearing was adjourned to July 2, 2009, then July 31, 2009, then September 30, 2009, and finally to November 5, 2009.

plan, and dismissed the Debtors' bankruptcy case. The transcript of the hearing indicates that the court dismissed the Debtors' case "for lack of prosecution."

On November 12, 2009, the bankruptcy court entered an order finding "the plan is not in posture for confirmation; therefore, the Court hereby denies confirmation and dismisses the Chapter 13 case pursuant to 11 U.S.C. § 1307(c)."

Following the entry of the bankruptcy court's order, Debtors filed a motion to reconsider and a motion to shorten notice and set an expedited hearing. On November 13, 2009, the bankruptcy court denied the motion to reconsider because it failed to contain an Official Form 20A notice and was not served on all creditors.

The Debtors refiled their motion to reconsider and motion to expedite on November 16, 2009. On November 17, 2009, the bankruptcy court denied the refiled motions for failure to comply with Local Bankruptcy Rule 9073-1 regarding requests for expedited hearing.

On November 18, 2009, the Debtors refiled their motions and filed a notice of appeal from the bankruptcy court's order denying confirmation and dismissing the case. The bankruptcy court denied the Debtors' final motion to reconsider and to expedite because the Debtors had commenced their appeal.

On May 20, 2010, the Debtors filed a motion for stay of the bankruptcy court's order denying confirmation and dismissing the case pending appeal to the Bankruptcy Appellate Panel. On June 3, 2010, the Panel granted Debtors' motion for stay pending appeal. As of the date of dismissal of the Debtors' bankruptcy case, the Debtors had deposited with the Trustee approximately $20,000 for distribution to their creditors. Since the Panel granted the Debtors' motion for stay pending appeal, all the monies paid by the Debtors into the estate currently remain in the possession of the Trustee and are either ready for distribution to unsecured creditors or to be returned to the Debtors.

# IV.   DISCUSSION

The grounds for dismissal of a chapter 13 bankruptcy case are set forth in 11 U.S.C. § 1307. Section 1307(c) provides a non-exhaustive list of "causes" for dismissal of a chapter 13 case.  In pertinent part, § 1307(c) provides,

> [O]n request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, *for cause* . . . .

11 U.S.C. § 1307(c) (emphasis added).  Section 1307(c) goes on to provide a non-exhaustive list of grounds justifying "for cause" dismissal:

> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> . . . .
>
> (5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;

11 U.S.C. § 1307(c).  The Trustee, as movant, bears the burden of establishing "cause." *See e.g. In re AdBrite Corp.*, 290 B.R. 209, 214 (Bankr. S.D.N.Y. 2003).  In the case presently before the Panel, the Trustee specifically sought the dismissal of the Debtors' chapter 13 case under § 1307(c)(5). Under § 1307(c)(5), two elements must be satisfied: denial of confirmation and denial of a request for time to file a new or modified plan. *See Nelson v. Meyer* (*In re Nelson*), 343 B.R. 671 (B.A.P. 9th Cir. 2006).

The bankruptcy court did not specifically address the elements of a dismissal under § 1307(c)(5).  Instead, the court dismissed the Debtors' case for "lack of prosecution."  "Lack of prosecution" is not one of the specific grounds for dismissal set forth under 11 U.S.C. § 1307(c); however, because failure to prosecute a case may result in an unreasonable delay that is prejudicial

to creditors, a "lack of prosecution" may in some cases constitute "cause" for a dismissal of a chapter 13 case.[3]

Thus, this Panel must first consider whether the bankruptcy court committed clear error in finding that the manner in which the Debtors presented their case created an unreasonable delay. The Debtors actively participated in their case; the Debtors made plan payments (amounting to approximately $20,000) to the chapter 13 Trustee; and the Debtors have prosecuted claims objections and an avoidance action. Amendments to the plan and schedules were necessary as a result of a change in Debtors' financial circumstances. However, there were significant delays in the progress of Debtors' case. As the bankruptcy court stated:

Court:          Mr. Rice, I have to tell you I have the same recollection, by virtue of a note on the docket that I keep, that the last continuance was to be the last one. And I feel assured that I felt that way because this is not a complex case that should have taken two months to get an amended plan back on file. And I say two months because the last confirmation hearing was September 3rd and here we are at November, today is November 5th, and you're telling me that it took almost sixty days to file an amended plan, to make it longer, to file a Schedule J to reflect current income and employment status and to lengthen it. It seems like if this debtor and/or Mr. Romano were inclined to get this case in a posture for confirmation, he would have filed his amendments when they were due instead of waiting almost two months and putting himself in a position of having to seek another continuance. This case is over a year old at this point.

Correct me if you think there were complications that should have taken a year but I don't see them.

---

[3] "Cause" can be established in a number of different circumstances. *See In re Watkins,* 2008 WL 708413, *3 (E.D.N.Y. March 14, 2008) (involving a repeat filer who failed to propose a confirmable plan after three tries and was behind on plan payments); *Badalyan v. Holub* (*In re Badalyan*)*,* 236 B.R. 633 (B.A.P. 6th Cir. 1999) (involving a debtor who had not filed his chapter 13 in good faith and failed to adequately respond to the bankruptcy court's show cause order); *In re Famisaran,* 224 B.R. 886 (Bankr. N.D. Ill. 1998) (denying confirmation and dismissing case on objection of a creditor because the debtor failed to propose a confirmable plan and had filed false, misleading and inaccurate schedules and statement of financial affairs); *In re Jensen*, 425 B.R. 105 (Bankr. S.D.N.Y. 2010) (converting a repeat debtor's chapter 13 case to chapter 7 because debtor had a potentially valuable asset, failed to propose a feasible plan, and filed inadequate schedules and unsupported objections to claims); *In re Nosker*, 267 B.R. 555 (Bankr. S.D. Ohio 2001) (dismissing repeat filer's chapter 13 case for failure to propose confirmable plan, make clarifying amendments to inconsistent schedules and statement of financial affairs and to make any plan payments). Whether the facts of this case support a finding of "cause" is for the Panel to decide.

In reviewing the bankruptcy court's determination that the delay was unreasonable and warranted dismissal of the case, the appellate court applies the clearly erroneous standard. Under the clearly erroneous standard, the Panel must give deference to the bankruptcy court as the finder of fact. *Sicherman v. Diamoncut, Inc.* (*In re Sol Bergman Estate Jewelers, Inc.*), 225 B.R. 896, 904 (B.A.P. 6th Cir. 1998). An appellate court should not disturb the bankruptcy court's finding just because it might have weighed the facts differently in the first instance. *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1166 (6th Cir. 1996) (citation omitted). This Panel defers to the bankruptcy court's conclusion that the delays in Debtors' prosecution of their case were unreasonable. However, the bankruptcy court failed to consider the second prerequisite for dismissing a case for "lack of prosecution"; that is, that the delay caused by the lack of prosecution is prejudicial to creditors.

The Trustee did not present any evidence to the bankruptcy court concerning the prejudice to creditors. "The key words [in the statute] are 'unreasonable' and 'prejudicial.' Not all delays are unreasonable, and not all unreasonable delays are prejudicial." *In re Adbrite Corp.,* 290 B.R. at 216 (citing *In re Sphere Holding Corp.*, 162 B.R. 639, 643 (E.D.N.Y. 1994) ("In determining whether a debtor's delay has been unreasonable, a bankruptcy court must take into consideration the context of the delay."). In this case, the Debtors have been making their plan payments which, at present, total over $20,000 and are still in the possession of the Trustee and available for distribution to creditors. No creditors appeared at the confirmation hearing to object to the Debtors' request for another adjournment for purposes of considering the Debtors' fourth amended plan. Given the funds on hand and the failure of any creditor to object to another adjournment, this Panel finds that the bankruptcy court abused its discretion by failing to consider the lack of prejudice to creditors. The Trustee did not present any evidence sufficient to show that the delay in this case, unreasonable though it may have been, was prejudicial to creditors. In fact, in this case, the harm of dismissal will fall squarely on the shoulders of the Debtors' creditors who would otherwise be the recipients of their pro-rata share of over $20,000 upon plan confirmation. If this case is dismissed, these funds will be returned to the Debtors rather than disbursed to creditors pursuant to a confirmed plan of reorganization.

## V.   CONCLUSION

For the reasons set forth above, this Panel concludes that the bankruptcy court abused its discretion in concluding that the Debtors' "lack of prosecution" was sufficient "cause" alone to require dismissal under 11 U.S.C. § 1307(c).  On this record, the Trustee has not provided a basis for a determination that "cause" existed for such a dismissal.  Based on the Panel's finding with respect to the dismissal of the Debtors' case, the Panel need not consider the other issues raised by the Debtors in their appeal.  The bankruptcy court's order dismissing the Debtors' case is reversed and this matter is remanded to the bankruptcy court so that the Debtors' case may be reinstated.