In re Ihor KLEBAN, Plaintiff/Appellant,

v.

Joseph P. TEDESCO, Jr.,
Defendant/Appellee.

No. 97 C 0545.

United States District Court,
N.D. Illinois,
Eastern Division.

April 29, 1997.

David Scott Grosky, Law Offices of David S. Grosky, Northbrook, IL, for Plaintiff–Appellant.

Joseph E. Cohen, Cohen & Krol, Chicago, IL, for Defendant–Appellee.

### *MEMORANDUM OPINION AND ORDER*

ALESIA, District Judge.

This matter is before the Court on appeal from the United States Bankruptcy Court for the Northern District of Illinois. The appeal is affirmed.

### I. *BACKGROUND*

On May 17, 1995, Defendant/Appellee Joseph Tedesco filed a Chapter seven voluntary bankruptcy petition. On October 20, 1995, Plaintiff/Appellant Ihor Kleban filed a two-count adversary complaint against Tedesco claiming that the alleged debt Tedesco owed to Kleban was not dischargeable. Count I

alleged that the debt was nondischargeable because it was procured by fraudulent means. *See* 11 U.S.C. § 523(a)(2)(A) and (a)(2)(B). Count II alleged that the debt was nondischargeable because Tedesco "transferred, removed, destroyed, mutilated, or concealed" property with the intent to defraud Kleban. *See* 11 U.S.C. § 727(a)(2)(A).

Tedesco filed a motion to dismiss Kleban's adversary complaint. On May 15, 1996, the bankruptcy court entered an order dismissing the complaint. Count I was dismissed without prejudice for failing to plead the circumstances of the alleged fraudulent conduct with particularity. *See* FED. R. CIV. P. 9(b) and FED. R. BANKR. P. 7009. Kleban conceded the dismissal with prejudice of count II because the adversary complaint was not filed within the period of time specified in § 727. Kleban was granted leave to amend count I.

On June 26, 1996, Kleban filed a three-count amended complaint. Count I alleged that the debt was not dischargeable under § 523(a)(2)(A); count II alleged that the debt was not dischargeable under § 523(a)(2)(B); and count III alleged that the debt was not dischargeable under § 523(a)(4). Another motion to dismiss was filed. Kleban's response to the motion to dismiss was due on August 21 1996, but, it was not filed until September 5, 1996.

On November 5, 1996, the amended complaint was dismissed by order of the bankruptcy court. Counts I and II were dismissed without prejudice for failing to plead the alleged fraud with particularity; Count III was dismissed with prejudice for failing to raise the cause of action in the original complaint. Kleban was granted to December 6, 1996, to file a second amended complaint. The bankruptcy court warned Kleban that "failure to file [the] second amended complaint on or before December 6, 1996, shall result in the dismissal with prejudice of this adversary proceeding without further notice."

On December 3, 1996, Kleban filed a motion for clarification of the bankruptcy court's November 5, 1996, order which dismissed counts I and II of his amended complaint for failure to plead the alleged fraudulent conduct with particularity. The motion was set for hearing on December 5, 1996. On December 5, 1996, Kleban's counsel failed to appear for the hearing;[1] consequently, the motion for clarification was stricken.

On December 6, 1996, Kleban filed an amended motion for clarification and a motion to extend time to file his second amended complaint. A hearing date of December 12, 1996, was set. On December 12, 1996, the motions were denied. Because Kleban failed to file his second amended complaint by December 6, 1996, the case was dismissed with prejudice.

## II. *DISCUSSION*

■ Kleban argues that the bankruptcy court abused its discretion by denying his motion to extend time to file his second amended complaint—filed in conjunction with his amended motion for clarification—and thus dismissing his amended complaint with prejudice.

The Court disagrees.

■ Under Federal Rules of Civil Procedure 41(b)—incorporated into adversary bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7041—the court is empowered to dismiss complaints due to plaintiff's failure to comply with "any order of court." Such an order is reviewed under the abuse of discretion standard. *See Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1177 (7th Cir.1987).

■ Under the abuse of discretion standard, the bankruptcy court's order dismissing the case with prejudice stands unless "it is clear that no reasonable person could concur in the [ ] court's assessment of the issue...." *Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1061 (7th Cir.1989); *accord, United States v. Golden Elevator, Inc.*, 27 F.3d 301, 303 (7th Cir. 1994). When analyzing such a dismissal with prejudice, the reviewing court "must consider the procedural history of the case as well as

---

1. Kleban's counsel was in another court at the time of the scheduled hearing.

the status of the case at the time of dismissal." *Roland*, 811 F.2d at 1177.

Here, the procedural history and the status of the case on the date of dismissal support the bankruptcy court's action under the abuse of discretion standard of review. The pertinent count of Kleban's complaint was dismissed without prejudice for failing to plead sufficiently the particularities of the alleged fraud. Kleban was granted leave to amend his complaint. Not only was Kleban's amended complaint determined to be equally insufficient regarding the count alleging fraud, but he also added a count which was not contained within the original complaint—that count was readily dismissed with prejudice. Furthermore, Kleban's response to the motion to dismiss was filed two weeks late. By failing to correct the pleading inadequacies, adding a count that was obviously beyond the allegations of the original complaint, and filing an untimely response Kleban was digging himself into a hole at an early stage of the litigation.

Next, after dismissing the amended complaint, Kleban was once again granted leave to file a second amended complaint regarding the counts alleging fraud. The bankruptcy court *explicitly* warned Kleban that failure to file the complaint by December 6, 1996—thirty days following the dismissal without prejudice—would result in the dismissal *with prejudice* of the adversary proceeding.

Kleban's response to the bankruptcy court's dismissal order and warning was to file a motion for clarification on December 3, 1996. The motion was set for a hearing on December 5, 1996—one day before the second amended complaint was due. Kleban failed to show for the hearing and the motion was stricken—the hole he was digging himself into was getting deeper.

Next, on December 6, 1996, instead of filing the second amended complaint in compliance with the bankruptcy court's explicit warning, Kleban filed an "amended" motion for clarification and a motion to extend the time to file his second amended complaint—the hole was now too deep to get out of.

Based on Kleban's conduct, the Court cannot conclude that no reasonable person could agree with the bankruptcy court's decision to dismiss the case with prejudice—particularly considering the fact that he was explicitly warned to file the second amended complaint by December 6, 1996, or face dismissal with prejudice. As outlined above, Kleban's conduct ranges from untimely responses to failing to follow the bankruptcy court's directions to neglecting to appear for a scheduled hearing. Kleban's failure to file the second amended complaint by December 6, 1996, and instead filing a motion to extend the due date was the straw that broke the camel's back. In summary, Kleban was ordered to file a complaint by a set date and was well aware of the consequences for failing to do so. He chose not to follow the bankruptcy court's explicit direction and now must live with the consequences.[2]

### III. *CONCLUSION*

The Court concludes that the bankruptcy court did not abuse its discretion in dismissing the adversary complaint with prejudice. The bankruptcy court's order is affirmed.

---

**2.** It does not appear that Kleban intends to change his manner of operating. His reply in this matter was due on April 18, 1997—he neglected to file it.