**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   CC-15-1020-KiKuF |
| ) | |
| JOHN DOVALIS GANTES and ) | Bk. No.   8:08-bk-18272-TA |
| LINDA BRIDGFORD GANTES, ) | |
| ) | Adv. No.   8:09-ap-01236-TA |
| Debtors.        ) | |
| _____) | |
| ) | |
| MORRISSEY CONSTRUCTION CO.,  ) | |
| ) | |
| Appellant,     ) | |
| ) | |
| v.                          ) | **M E M O R A N D U M**[1] |
| ) | |
| JOHN DOVALIS GANTES,         ) | |
| ) | |
| Appellee.      ) | |
| _____) | |

Argued and Submitted on October 22, 2015,
at Los Angeles, California

Filed - March 23, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Theodor C. Albert, Bankruptcy Judge, Presiding

Appearances:     Samy S. Henein of Suppa, Trucchi & Henein, LLP
argued for appellant Morrissey Construction
Company; William Miles Burd of Burd & Naylor argued
for appellee John Dovalis Gantes.

Before:   KIRSCHER, KURTZ and FARIS, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may have
(see Fed. R. App. P. 32.1), it has no precedential value. See 9th
Cir. BAP Rule 8024-1.

Appellant Morrissey Construction Company ("Morrissey") appeals an order dismissing Morrissey's Third Amended Complaint ("Complaint") to Determine Dischargeability of Debt against Appellee John D. Gantes ("Debtor") as untimely filed.  We AFFIRM the dismissal of the Third Amended Complaint, VACATE the dismissal of the three claims under § 523(a)(2)(A) in the Second Amended Complaint, and REMAND for further proceedings consistent with this Memorandum.

## I. PROCEDURAL HISTORY

John Dovalis Gantes and Linda Bridgford Gantes filed a chapter 7[2] petition on December 12, 2008.  Morrissey filed a timely complaint on March 23, 2009, seeking to except the sum of $652,182.24 from Debtor's discharge pursuant to §§ 523(a)(2)(A) and 523(a)(6).  By stipulation of the parties, the bankruptcy court stayed the adversary proceeding pending the outcome of two § 727 complaints objecting to the Debtor's discharge.  The court eventually dismissed those complaints in 2010 and 2011.

On October 23, 2013, Debtor answered Morrissey's complaint, raising a Civil Rule 12(b)(6)[3] defense that Morrissey's complaint failed to state a claim.  Morrissey responded by filing a first amended complaint ("FAC") on November 13, 2013, which sought to except the sum of $1,269,337.48 from Debtor's discharge pursuant to § 523(a)(2).  Morrissey alleged that it was a general

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 and "Rule" references are to the Federal Rules of Bankruptcy Procedure.  "Civil Rule" references are to the Federal Rules of Civil Procedure.

[3] Rule 7012(b) incorporates Civil Rule 12(b)(6).

-2-

contractor who had built several restaurants for Debtor and was owed $1,269,337.48. It further alleged that Debtor had obtained the labor, materials and other valuable property under false pretenses, false representations, actual fraud and false statements, and that Debtor had induced Morrissey into not recording certain mechanics liens based upon false pretenses, false representations, actual fraud, and intentionally false statements.

Debtor moved to dismiss the FAC. In an order entered March 11, 2014, the bankruptcy court dismissed the FAC and granted Morrissey thirty days to further amend its complaint.

On April 10, 2014, Morrissey filed a second amended complaint ("SAC") seeking to except the sum of $1,269,337.48 from Debtor's discharge, alleging three claims under § 523(a)(2)(A) for actual fraud and a fourth claim under § 523(a)(2)(A) and (B) for actual fraud and use of a false statement in writing.[4] In the first three claims of the SAC, Morrissey alleged that Debtor executed two promissory notes, deeds of trust and personal guarantees on February 5, 2008, that Debtor executed a third promissory note on April 14, 2008, and that Debtor made certain promises in the aforementioned documents, including the promise to pay Morrissey, with no intention or ability to perform the promises.

In the first promissory note, Antelope 138 Partners, LP promised to pay $652,182.24. The first promissory note is signed by Debtor on behalf of Antelope 138 Partners, LP. Morrissey

[4] The Fourth Claim for Relief in Morrissey's Second Amended Complaint references both §§ 523(a)(2)(A) and (a)(2)(B), but § 523(a)(2)(B) is not mentioned in Morrissey's prayer for relief.

alleged it suffered damages of $252,972.80 as a result of Debtor's fraud and deceit relating to the first promissory note and related deed of trust and personal guaranty.

In the second promissory note, dated February 18, 2008, TemBreck, LLC promised to pay Morrissey $408,760.23. Debtor signed this promissory note as TemBreck, LLC's managing member. Morrissey alleged it suffered damages of $169,141.14 stemming from Debtor's fraud and deceit relating to the second promissory note and related deed of trust and personal guaranty.

The third claim stemmed from a promissory note in the amount of $513,792.12 dated April 14, 2008. The third promissory note is not signed by Debtor; Debtor only signed a personal guaranty for the third promissory note. Morrissey alleged that Debtor's fraud and deceit in signing the third personal guaranty caused damages to Morrissey of $304,677.17. As to each of the first three claims, Morrissey also alleged that Debtor "had defaulted on other loans which he had personally guaranteed, that several of the entities he controlled were about to file for bankruptcy, and that the security for the promissory note[s] was worthless."

Debtor again sought dismissal of Morrissey's SAC for failure to satisfy the plausibility requirements of Civil Rule 8 and failure to allege fraud with particularity as required by Civil Rule 9(b). Prior to a hearing held June 5, 2015, the bankruptcy court tentatively ruled that, with regard to the three claims under § 523(a)(2)(A), Morrissey's SAC:

> [C]ontains *some* facts, but relies primarily on the allegation that promises made in the various financial instruments were fraudulent because they were made without a present intention on Mr. Gantes' part to perform. There is a light sprinkling of supporting

facts alleged at ¶¶8, 27 suggesting that Mr. Gantes knew or should have known of the unlikelihood of performance given his presumed knowledge that entities he controlled were about to file bankruptcy and/or that collateral for a note was worthless. The question is whether there is enough here to survive the motion given the commands of Iqbal and Twombly, compared with a more relaxed standard that allegations concerning defendant intent are sufficient if averred generally (See e.g. Petersen v. Allstate Indemnity Co., 281 F.R.D. 413, 416 (C.D. Cal. 2012). While it is close, construed in the light most favorable to the responding party as the court is obliged to do, the court believes there is enough to make out a plausible case, and there is enough (just) to alert the defendant as to what he must defend. The court is persuaded that consequently all salutary purposes of Rule 12 are satisfied here on this record, even under the enhanced Twombly and Iqbal standards.

At a hearing held June 5, 2015, the bankruptcy court first granted Debtor's motion as it related to Morrissey's fourth claim for relief. The bankruptcy court then turned its focus on the remaining three claims. The bankruptcy court, after considering counsel's arguments, indicated that even though the SAC could be more specific, it met the plausibility standard articulated in Iqbal and Twombly. The court then asked Morrissey's counsel whether he could add substance to one paragraph (paragraph 8) of the SAC. While Morrissey's counsel did not specifically answer the court's question, the court found its question answered, and changed its tentative ruling:

THE COURT: Here's what I want you to do. I am going to change the tentative. I'm going to grant the motion, and I want you to redo it. I want you to give us more detail on paragraph eight particularly. And you can dress up any other part that you want to, but I want you to list -- and you've already mentioned one loan. Be specific.

And if you suspect others, but you're not sure, then frame it as I'm informed and believe. And that will be sufficient to get this thing going. And I think it does fair service to all the rules in question, Rule 8, Rule 9, Rule 11 and Rule 12(b). So that's what

-5-

I want you to do. Any questions?

I'm going to grant the motion with leave to amend. I'm going to strike the jury trial demand because I don't think a jury trial fits here under any theory, unless the Supreme Court in the meantime tells me that I don't have authority to do anything, which is a possibility.

Anything further?

MR. BURD: Time, your Honor, for the --

MR. HENEIN: Not from the Plaintiff, your Honor. That's fine. Thank you.

THE COURT: I'm sorry, Mr. Burd. I didn't catch –

MR. BURD: A deadline for them to file the amended complaint?

THE COURT: When can you have the amended complaint in, Counsel?

MR. HENEIN: Can I have 30 days, your Honor?

THE COURT: Thirty days it is. The motion is granted, 30 days leave to amend. And I will allow you to amend on all issues except the jury trial, which I don't think is correct under any theory. So that's without leave to amend. Okay.

* * *

MR. HENEIN: Your Honor, could the 30 days run from the entry of the order?

THE COURT: Your 30 days to amend? Yeah, we can do it from there.

The bankruptcy court followed up its oral ruling with a written order entered June 18, 2014, which reads:

The Defendant's Motion: (1) for Dismissal for Failure to State a Claim Upon Which Relief Can Be Granted [Civil Rule 12(b)(6)]; and (2) to Strike Demand for Jury Trial came on regularly for hearing . . . .

Upon consideration of all papers, pleadings and files of record and the argument of counsel and good cause appearing therefor, it is hereby

-6-

**ORDERED** that the Plaintiff's demand for a jury trial is stricken and the Second Amended Complaint to Determine Dischargeability of Debt is dismissed with leave to amend. It is further

**ORDERED** that Plaintiff may file a further amended complaint within thirty (30) days from the date of entry of this order. No demand for a jury trial shall be included. Defendant shall have thirty (30) days from the date of service of an amended complaint to file a responsive pleading.

The bankruptcy court's docket shows that the court's June 18, 2014 order was served via first class mail on Morrissey's counsel, Samy S. Henein, on Saturday, June 20, 2014.

Morrissey's counsel filed a Third Amended Complaint ("Complaint") on July 22, 2014. This Complaint seeks to except the sums of $252,972.80, $169,141.14, $304,677.17 and $542,546.37 from Debtor's discharge pursuant to § 523(a)(2)(A). On August 21, 2014, Debtor filed a motion to dismiss the Complaint on grounds it was not timely filed. Debtor argued in paragraph 15 of the motion that "under [Rule] 9006(b)(3) the time for filing a complaint to determine dischargeability can only be enlarged in accordance with Rule 4007(c)." Morrissey responded that the order entered on June 18, 2014, was never lodged as required by Local Rule 9021-1(b)(3),[5] and that the Complaint was timely filed

---

[5] Local Rule 9021-1(b)(3) reads:

(3) <u>Proposed Order when Opposition to Motion was Filed</u>.

    (A) <u>Service of Proposed Order on Contesting Party</u>. Pursuant to the Notice of Lodgment Procedures set forth in the <u>Court Manual</u>, the attorney who has the duty to prepare any order required by this rule must serve a copy of the proposed order on counsel, or party if filed without counsel, who filed an opposition or other objection to the relief requested, either before or on the same day that the order is lodged with the court and

<span style="float:right">(continued...)</span>

-7-

because the Order was entered on June 18, 2014, served by mail on June 20, 2014, and that the Complaint was filed within 33 days thereafter, on July 22, 2014. Morrissey requested in its opposition that the bankruptcy court deny Debtor's motion. In the alternative, Morrissey requested that the bankruptcy court either allow the Complaint to stand by granting leave to amend nunc pro tunc, or allow an enlargement of time for Morrissey to refile the Complaint.

The bankruptcy court, in a tentative ruling, indicated its

[5](...continued)
must file a proof of service with the order. Alternatively, the attorney preparing the order may present it to opposing counsel for approval as to form before the order is lodged, in which case opposing counsel must immediately approve or disapprove the form of order and return it to counsel who prepared it.

(B) <u>Separate Objection to Proposed Order</u>. Opposing counsel may, within 7 days after service of a copy of a proposed order prepared pursuant to this rule, file and serve an objection to the form of the order, setting forth the grounds therefor. Opposing counsel must attach as exhibits to the objection (i) a copy of the order that is the subject of the objection and (ii) a copy of the proposed alternative form of order. The proposed alternative form of order so labeled, must be lodged with the objection. A judge's copy of the objection and proposed alternative form of order must be served on the judge in chambers in accordance with LBR 5005-2(d). The failure to file and serve a timely objection will constitute a waiver of any defects in the form of the order.

(C) <u>Endorsement of Counsel</u>. Unless the court otherwise directs, a proposed order will not be signed by the judge unless (i) opposing counsel has endorsed thereon an approval as to form; (ii) opposing counsel has stipulated thereto on the record at the hearing, or (iii) the time for objection to a form of order properly served has expired under subsection (b)(3)(B) of this rule. If it finds the ends of justice so requires, the court may conduct a hearing on the proper form of the order or decide any objection thereto without a hearing.

-8-

intent to grant Debtor's motion, explaining "[p]ursuant to an order entered 6/18/14, the [SAC] was dismissed with leave to amend and Plaintiff expressly had 30 days **from entry of the order** to file an amended complaint. Plaintiff did not file the [Complaint] until 7/22/14, four days late." (Emphasis in original). The bankruptcy court went on to tentatively hold that: (1) under Rule 4007(c), the time for filing nondischargeability complaints may be enlarged by motion, but the motion must be filed before the time has expired; (2) under Rule 9006(b)(3), once the deadline for filing a complaint has expired, a bankruptcy court does not have the discretion to waive the requirement that enlargements be sought within the initial period; and (3) the three day mail rule in Rule 9006(f) was inapplicable.

At a hearing held December 11, 2014, the court explained:

> THE COURT: The problem that movant has here is that the deadlines set by 4007(c) are deliberately made, unambiguous and there's no room for error. The case law in this area is almost uniformly against the late creditor.
>
> And I think the answer is because the enactors of the rule wanted nondischargeability complaints to be timely adjudicated, and anything that goes outside of it is just not gratefully received.
>
> Now, I hear your argument about this should be about notice. I'm not entirely sure it's about notice because what it is also about is timely prosecution. So that's the purpose of the rule that would not be served by giving extensions.
>
> I do not buy the argument that the period of time should be figured from the filing of a notice of entry. Of course, if you do take notice of entry, it's still late, but I don't buy that.
>
> I think when an order says by a certain date, you don't get three days for reason of mailing. That's not the purpose of the three-day rule.
>
> So just anywhere you turn, I think the doors are

-9-

closed on plaintiff in this case. And I don't say that lightly because clearly the Court would rather resolve things on their merits than on procedure.

But I am aware that in the realm of nondischargeability litigation, the deadlines are very finite and they're not in fact susceptible even to excusable neglect arguments. There's cases that say that that doesn't apply.

The only time I've ever seen any wiggle room or moving on these deadlines is in the context of where the Court itself added to the confusion by giving wrong deadlines in its notices.

So that's bad news, Mr. Henein, I know, but that's the way I see it. So the motion is granted as indicated in the tentative.

Movant, you're to submit a form of order.

MR. BURD: Sure, your Honor. And may I attach the tentative and that the Court –

THE COURT: Yes, you may.

On January 5, 2015, the bankruptcy court entered a written order adopting by reference its December 11, 2014, tentative ruling. Morrissey filed a notice of appeal on January 20, 2015.

Morrissey also filed on January 20, 2015, a Rule 9023 motion for reconsideration.[6] Morrissey asserted that the Complaint was not time-barred under Rule 4007(c) because such Rule was inapplicable to the facts of this case and because the Complaint related back to the original complaint under Civil Rule 15(c). Debtor opposed the motion, arguing in part that the bankruptcy court had granted Morrissey thirty days to amend its complaint under Civil Rule 15(a)(2), that Morrissey failed to meet the thirty-day filing deadline, and that Civil Rule 15(c), therefore, never came into play. Debtor went on in his opposition to argue:

---

[6] Rule 9023 incorporates Civil Rule 59.

-10-

"Even if [Rule] 4007(c) were not implicated in this case, it was well within the Court's discretion to dismiss the [] [C]omplaint due to [Morrissey]'s failure to file it within the time allowed by the Court." Following a hearing held on February 26, 2015, the bankruptcy court entered an order on April 9, 2015, denying Morrissey's request for reconsideration. Attached to the bankruptcy court's April 9, 2015, order is the court's February 25, 2015 tentative ruling which reads, in part:

> [Morrissey seeks] reconsideration of the order granting a motion to dismiss . . . because their third amended pleading was dismissed by the Court for not being filed within the 30 day period the court allowed from the date of entry of the order. The third amended complaint was filed four days after the 30 day time period.

> * * *

> The question here comes down to one of whether clear orders of the court having to do with time limits for filing are mere suggestions, or can be ignored with impunity. It was well within the court's discretion to deny the third amended complaint for not being filed within the time allowed and to dismiss the complaint. Therefore, no manifest error of law appears which is required by [Rule] 59(e) to reconsider the order.

Morrissey does not appeal the bankruptcy court's April 9, 2015, order denying Morrissey's request for reconsideration.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

Morrissey raises several issues on appeal which we restate as follows:

1. Whether Rule 4007(c) governs the time to file amended complaints containing relation-back amendments.

-11-

2. Whether the bankruptcy court abused its discretion in dismissing the Complaint for being untimely filed.

3. Whether Debtor's failure to lodge his order is harmless error.

4. Whether the SAC adequately stated a cause of action as to the first, second and third claims for relief.

### IV. STANDARDS OF REVIEW

Pursuant to Rule 7041, a bankruptcy court may dismiss an adversary proceeding for failure to comply with any order of the court. We review for abuse of discretion a bankruptcy court's dismissal of an action for failure to comply with the court's order requiring submission of an amended complaint in a timely manner. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981). The trial court's dismissal should not be disturbed unless there is "'a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987); Eldridge, 832 F.2d at 1136 (quotation omitted).

"We may affirm 'on any ground supported by the record, regardless of whether the [bankruptcy] court relied upon, rejected, or even considered that ground.'" Fresno Motors, LLC v. Mercedes Benz USA, LLC, 771 F.3d 1119, 1125 (9th Cir. 2014) (citation omitted).

We review de novo the bankruptcy court's Civil Rule 12(b)(6) dismissal. Barnes v. Belice (In re Belice), 461 B.R. 564, 572 (9th Cir. BAP 2011).

-12-

## V. DISCUSSION

**A.    Federal Rule of Bankruptcy Procedure 4007(c) does not govern the time to amend complaints with relation-back amendments.**

We begin by considering Morrissey's first issue on appeal: that Rule 4007(c) does not apply to amended complaints so long as the amendments relate back to the timely-filed original complaint. We agree.  Rule 4007(c) provides that "a complaint to determine the dischargeability of a debt . . . shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)."  The first date set for Debtor's § 341(a) meeting of creditors was January 21, 2009, and the sixtieth day thereafter was March 22, 2009.  Morrissey's original complaint was timely filed on the next business day, March 23, 2009.  The language of Rule 4007(c) itself omits any reference to amended pleadings, and Rule 9006(b)(3) restricts enlargement of the time period in Rule 4007(c) to "only [] the extent . . . stated in [that] rule[]."  If subsequently filed amended pleadings relate back to the original complaint, which was timely filed, Rule 4007(c) does not apply.

The Ninth Circuit has considered relation-back amendments of pleadings in the context of bankruptcy proceedings.  Rule 7015, incorporating Civil Rule 15(c), provides that when the amended claim for relief or defense arises out of the "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[,]" it relates back to the date of the original pleading.  See, e.g., Mission Viejo Nat'l Bank v. Englander (In re Englander), 92 B.R. 425, 427-28 (9th Cir. BAP 1988).

The bankruptcy court did not specifically determine whether

-13-

Morrissey's second or third amended complaints would relate back to the date of the original complaint. However, if the claims for relief alleged by Morrissey in its second and third amended complaints arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original complaint, then Morrissey is correct that Rule 4007(c) would not govern. Nevertheless, Morrissey's technical victory is ephemeral after we consider Morrissey's next issue on appeal.

**B.    The Complaint was untimely filed; the bankruptcy court did not abuse its discretion in dismissing it.**

Morrissey's second issue on appeal is that its Complaint was timely filed. As noted above, we may affirm on any grounds supported by the record. The bankruptcy court, in open court on June 5, 2014, gave Morrissey thirty days from the date the order was entered to file a further amended complaint. The order was entered on June 18, 2014. Morrissey filed its Complaint on July 22, 2014, four days past the explicit deadline set forth in the order. The bankruptcy court correctly held that Rule 9006(f) did not grant Morrissey three extra days for mailing. Rule 9006(f) only applies when the prescribed period to act runs from service of a notice by mail, not when, as here, the deadline was conveyed to Morrissey in open court. J&S Wholesale, Inc. v. Cloninger (In re Cloninger), 197 B.R. 308, 309 (Bankr. E.D. Ark. 1996). The three-day mailing rule is especially inapt when Morrissey itself requested the time to run from entry of the order.

Courts may set and enforce deadlines. In the context of scheduling orders under Rule 7016, incorporating Civil Rule 16,

our Circuit recognizes the importance of adhering to deadlines set by the trial court:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines.

Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1060 (9th Cir. 2005).

A bankruptcy court may dismiss an untimely complaint for failure to comply with a court-ordered deadline. Rule 7041, incorporating Civil Rule 41(b), allows the bankruptcy court to dismiss adversary proceedings where "the plaintiff fails . . . to comply with . . . a court order[.]"

In Ferdik v. Bonzalet, 963 F.2d 1258, 1260-61 (9th Cir. 1991), the Ninth Circuit articulated five factors that courts should consider when deciding to dismiss a case for a party's failure to comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Id. At least four, if not all five, factors favor the bankruptcy court's decision to dismiss Morrissey's Complaint.

The procedural posture of Kleban v. Tedesco, 207 B.R. 876 (N.D. Ill. 1997), is instructive. There, a creditor filed a complaint against the debtor alleging nondischargeability due to fraud under §§ 523(a)(2)(A) and (a)(2)(B). Id. at 877. The bankruptcy court entered an order dismissing the complaint for

-15-

failing to plead with particularity the circumstances of the alleged fraud. Id. The creditor was granted leave to amend. Id. Like the original complaint, the creditor's first amended complaint was also dismissed for failure to plead with particularity the fraud that allegedly occurred. Id. The creditor was given another chance to amend the complaint; the bankruptcy court set a deadline of December 6, warning that failure to meet the deadline would result in dismissal with prejudice. When the creditor failed to timely file its second amended complaint, the bankruptcy court dismissed the adversary proceeding under Civil Rule 41(b). Id. On appeal, the district court affirmed, finding that the bankruptcy court did not abuse its discretion when the creditor's "conduct range[d] from untimely responses to failing to follow the bankruptcy court's directions . . . ." Id. at 878. The district court concluded that the creditor's "failure to file the second amended complaint by December 6 . . . was the straw that broke the camel's back." Id.

Like the creditor in Kleban, Morrissey's failure to timely file its Complaint was "the straw that broke the camel's back," and we cannot say that the bankruptcy court abused its discretion in dismissing it. Court-ordered deadlines "must not be enforced mindlessly," Wong, 410 F.3d at 1060. Here the bankruptcy court generously gave Morrissey three opportunities to amend its complaint and even granted Morrissey an extra month's time to file its Complaint only for Morrissey to miss the deadline. As acknowledged by the United States Supreme Court, while "deadlines may lead to unwelcome results, . . .

-16-

they prompt parties to act and they produce finality." <u>Taylor v. Freeland & Kronz</u>, 503 U.S. 638, 644 (1992).

Moreover, Morrissey has provided no explanation for its untimeliness. Morrissey has delayed the resolution of this case on the merits by failing to adhere to the clear directions and deadlines mandated by the bankruptcy court. <u>See</u> <u>Kleban</u>, 207 B.R. at 878. Thus, we hold that the bankruptcy court did not abuse its discretion in dismissing Morrissey's Complaint for failure to comply with the deadline set by the bankruptcy court.

**C.    Debtor's failure to lodge the order was harmless error.**

Morrissey also argues that the order setting the thirty-day deadline for filing the Complaint was never lodged as required by Local Rule 9021-1(b)(3) and, thus, the Complaint should be considered timely. Morrissey's contention is without merit.

Rule 9005 incorporates Civil Rule 61. That rule states:

> Unless justice requires otherwise, no error in admitting or excluding evidence - **or any other error by the court or a party** - is ground for . . . disturbing . . . [an] order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

(Emphasis added). In other words, when an error does not affect the substantial rights of a party, the error is harmless and the trial court will not be reversed on appeal. <u>Citibank v. Arens (In re Arens)</u>, 139 B.R. 667, 669 (Bankr. N.D. Ohio 1991).

Here, the order entered by the bankruptcy court on June 18, 2014, mirrored the bankruptcy court's oral ruling made June 5, 2014, in that it struck Morrissey's demand for a jury trial, dismissed the SAC, and granted Morrissey "thirty (30) days from the date of entry of [the June 18, 2014] order" to file a

-17-

further amended complaint. Morrissey fails to identify any part of that order that would have been objectionable had the order been lodged prior to its entry. Moreover, Morrissey does not explain how Debtor's failure to lodge the order prejudiced Morrissey in any way, especially where Morrissey was given notice at the June 5, 2014 hearing that it would have thirty days from entry of the order to file a further amended complaint. We hold that, since Morrissey fails to show what substantial right was affected, Debtor's failure to lodge the order was harmless error.

**D.  Counts one through three in the SAC adequately state a cause of action.**

Finally, Morrissey contends that the SAC adequately stated a cause of action as to the first, second, and third claims for relief and that Morrissey should be allowed to proceed on those claims. We agree. The bankruptcy court concluded in its June 5, 2014 tentative ruling that, though a close call, there were just enough facts alleged in those claims for relief to comply with the plausibility standard enunciated in Ashcroft v. Iqbal, 556 U.S. 662 (2009). However, at the June 5, 2014 hearing, the court abandoned its tentative ruling by dismissing the SAC with leave to amend. At that point, Morrissey could not properly appeal the dismissal of the SAC; the June 18, 2014 order operated as an unappealable interlocutory order. See Lopez v. City of Needles, 95 F.3d 20 (9th Cir. 1996). We acquired jurisdiction over dismissal of the SAC only after the bankruptcy court entered its order dismissing the entire action under Rule 7041 for being untimely filed. Civil Rule 41(b)

operates as an adjudication on the merits.

A claim may be dismissed under Civil Rule 12(b)(6) either because it asserts a legal theory that is not cognizable as a matter of law or because it fails to allege sufficient facts to support an otherwise cognizable legal claim. SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996). In addressing a Civil Rule 12(b)(6) challenge, the Court accepts all factual allegations in the complaint as true (Hospital Building Co. v. Trustees of the Rex Hospital, 425 U.S. 738, 740 (1976)), and construes the pleading in the light most favorable to the nonmoving party. Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). "[D]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1196 (9th Cir. 1998) (quoting Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996)). To survive a motion to dismiss under Civil Rule 12(b)(6), a complaint need only set forth a short and plain statement of the claim showing the pleader is entitled to relief; it "does not need detailed factual allegations[.]" Twombly, 127 S. Ct. at 1964. Nevertheless, a plaintiff must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Id. at 1965.

Section 523(a)(2)(A) excepts from discharge debts incurred through "false pretenses, a false representation, or actual fraud." For this exception to discharge to apply, a creditor must prove by a preponderance of the evidence each of the following elements: "'(1) misrepresentation, fraudulent

-19-

omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.'" Oney v. Weinberg (In re Weinberg), 410 B.R. 19, 35 (9th Cir. BAP 2009) (quoting Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman), 234 F.3d 1081, 1085 (9th Cir. 2000)). All five elements must be asserted in the creditor's complaint for an exception to discharge; the creditor bears the burden of proving each element by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991); In re Weinberg, 410 B.R. at 35.

While the SAC is poorly drafted, the Panel agrees with the bankruptcy court's tentative ruling that the SAC contained sufficient facts as to the first, second, and third claims to "'nudge [them] across the line from conceivable to plausible[,]'" Eclectic Props. E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 997 (9th Cir. 2014) (quoting Twombly, 550 U.S. at 570), as Civil Rule 8(a) requires. Likewise, we agree with the bankruptcy court that Morrissey pleaded those claims with just enough particularity to apprise Debtor of what he must defend. The Ninth Circuit, in Yourish v. California Amplifier, 191 F.3d 983, 993 (9th Cir. 1999), phrased the Civil Rule 9(b) particularity requirement thusly: "[t]he plaintiff must set forth what is misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of

-20-

was false or misleading."

For each claim, Morrissey sets forth in corresponding, albeit identical, paragraphs why it believes Debtor intentionally misrepresented his financial condition to Morrissey. Morrissey alleges that, at the time the parties entered into the loan agreements, Debtor had previously defaulted on other loans he had personally guaranteed, that several of the entities he controlled had filed for bankruptcy and that the security for the various promissory notes was worthless. Morrissey also alleges Debtor knew of these facts when he entered the written agreements with Morrissey, i.e., Morrissey alleged generally Debtor's state of mind. See Civil Rule 9(b). Application of Civil Rule 12(b)(6) requires us to hold these factual allegations as true. Moreover, Morrissey's alleged facts are just particular enough to put Debtor on notice of what he will have to defend.

Because the first, second, and third claims for relief in Morrissey's SAC met both the plausibility and particularity requirements of Civil Rules 8(a) and 9(b), respectively, it was error for the bankruptcy court to dismiss those claims under Civil Rule 12(b)(6).

## VI. CONCLUSION

For the foregoing reasons, we AFFIRM the dismissal of the Third Amended Complaint, VACATE the dismissal of the three claims under § 523(a)(2)(A) in the Second Amended Complaint, and REMAND for further proceedings consistent with this Memorandum.

-21-